# Shannon, *et al. v.* Long.

*Bill to Declare a Lease Forfeited, and to Quiet Title.*

(Decided November 19, 1912. Rehearing denied December 17, 1912. 60 South. 273.)

1. *Deeds; Condition Subsequent; Breach; Forfeiture.*—Although courts of equity do not favor forfeitures they will declare a forfeiture of a conveyance for breach of the conditions subsequent; especially where the language shows that the purpose of the parties was to declare that a breach should operate as a forfeiture, and it would be inequitable to uphold the instrument after a breach.

[Shannon, et al. v. Long.]

2. *Mines and Minerals; Lease; Condition Subsequent; Breach; Forfeiture.*—The facts examined and it is held that the lease was forfeited because of non-completion of a well, as the phrase "said well" was a well which was to be begun under the terms of the lease while the lessee was on the property prospecting for oil and gas which prospecting was to commence within four months, and the term "completion" meaning the discovery of oil or gas in commercial quantities.

3. *Landlord and Tenant; Lease; Forfeiture.*—Ordinarily the lessor only may avail himself of a forfeiture of a lease on the part of the lessee.

4. *Same; Condition Subsequent; Breach by Tenant.*—Where a lease is avoided by a breach of a condition subsequent therein by the tenant the landlord or his executor may re-enter, and, where the tenant refuses to deliver possession the landlord or his executor may recover in ejectment.

5. *Equity; General Demurrer.*—As a general rule a general demurrer for want of equity is available only where the bill fails to state any ground for equitable relief; hence the rule that when a bill contains alternative averments, each alternative must entitle complainant to relief or no relief can be granted, does not apply to a bill attacked by a general demurrer.

6. *Quieting Title; Forfeiture of Lease; Equity.*—A court of equity may declare that a lease has been forfeited by the acts of the lessor and cancel the lease as a cloud on the title of the lessor.

7. *Same; Possession of Complainant.*—The holder of an equitable title out of possession may maintain a bill to remove a cloud without alleging possession; the rule that a complainant must be in actual possession of the land to maintain a bill to remove a cloud and that the bill must aver that fact, refers generally to cases where complainant holds the legal title.

8. *Same.*—Under sections 5443 and 5444, Code 1907, a bill to remove a cloud on title must aver that no suit is pending to enforce the validity of the claim and must also call on the defendant to set forth his title.

9. *Same; Actual or Constructive Possession.*—An executor authorized by will to sell or mortgage premises, and authorized by the statute to assume actual possession of lands of his testator for the purpose of administration may, independent of the statute, maintain a bill to remove a cloud from the title to the lands of his testator, but he must allege that he is at the time of the filing of the bill in the actual possession; "actual possession" being possession in fact and existing when the thing is in the immediate occupancy of the person or his agent or tenant, and "constructive possession" being a possession in law which annexes to the legal title or ownership of the property, when there is a right to the immediate actual possession, but no actual possession.

10. *Same; Sufficiency of Bill.*—Where the executor files a bill to remove a cloud on title to the lands of his testator the bill states a cause of action as against a general demurrer where it alleges that a lease executed by the testator had been forfeited by its terms as alleged and that on account of such forfeiture the lease was

void, alleging also in the alternative that the executor was in the actual or constructive peaceable possession of the land, and which does not show that the tenant was in possession.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Bill by P. M. Long, as executor, against J. S. Shannon and others, to declare a lease which had been forfeited a cloud upon title and to remove it. From a decree overruling a general demurrer to the bill the respondents appeal. Affirmed.

TILLMAN, BRADLEY & MORROW, CHAS. E. RICE and D. A. McGREGOR, for appellant. The bill is subject to many infirmities. First: The bill does not require the defendant to set up and specify his title.—*Slosson v. McNulty,* 125 Ala. 124; *Moore v. Ala. Nat'l Bank,* 139 Ala. 273. Second: The bill fails to aver that no suit is pending.—*Parker v. Boutwell,* 119 Ala. 299; *Bolen v. Allen,* 150 Ala. 201. Even if filed independent of the statute it is defective for a failure to aver actual possession in complainant.—*Arnett v. Bailey,* 60 Ala. 435; *Ashurst v. McKenzie,* 92 Ala. 486; *Belcher v. Scruggs,* 125 Ala. 340; *Tarwater v. Goin,* 140 Ala. 276. See notes to L. R. A., Vol. 8, 728 and 12 L. R. A. (N. S.), 49. Under the allegations of the bill the court cannot declare a forfeiture of the lease and cancel it.—1 Pom. 449; 53 N. J. E., 46; 16 Cyc. 80. Equity will not affirmatively enforce a forfeiture, but will recognize a forfeiture already perfected.—70 N. E. 267; 74 Pac. 725; 30 Atl. 251.

BANKHEAD & BANKHEAD, for appellee. As to what is a cloud see 7 Cyc. 254. The lease was a cloud because functus officio an account of subsequent events.—33 Cyc. 320; *Lytle v. Standfer,* 93 Ala. 399; *Torrent F. Co.*

[Shannon, et al. v. Long.]

*v. Mobile,* 101 Ala. 563. The bill is filed independent of the statute and makes out a case for relief.—74 Am. St. Reps., 696; *Collins v. Able,* 151 Ala. 211; 62 L. R. A. 895. The lease had become forfeited by non-compliance with conditions subsequent and the bill merely sought to give effect to the forfeiture by removing the cloud it imposed.—80 Pa. 142; 149 Pa. 286; 2 Words & Phrases, 1366; Barrenger & Adams, on Mines, 170 and 171; 27 Cyc. 139; 40 L. R. A. 266.

DE GRAFFENRIED, J.—While, as a general rule, a court of equity disfavors forfeitures, it will, when, by reason of the breach by the grantee or lessee of a condition subsequent in a conveyance or lease, the conscience of the situation demands it, declare that a *forfeiture has occurred,* and cancel and hold for naught such conveyance or lease. This is especially true when the plain language of the instrument shows that it was the purpose of the parties to declare that the breach should operate as a forfeiture, and the situation of the parties is such that to uphold the instrument as still validly existing after the breach would be inequitable and unjust.

In the instant case, B. M. Long, the owner of about 100,000 acres of land, executed and delivered to Mrs. Matilda G. Houghton a lease conferring upon her the exclusive right to drill and operate for gas and petroleum oil upon said land. The lease was executed on the 23d day of May, 1901, and the lessor was to receive, as compensation for the above use of his land, one-eighth of the petroleum oil obtained from the land, $100 per annum for each gas well which produced gas in commercial quantities, and sufficient gas for domestic purposes in the lessor's dwelling houses without cost at the well. The lease contains the following stipulations:

"Said party of the second part (Mrs. Houghton) agrees to *commence* operation within *four* months and pursue with diligence till completed, unavoidable delays and accidents excepted. This lease shall continue for 20 years or so long as oil or gas are produced in paying quantities. This lease and the license herein granted shall immediately upon the noncompletion of *said well* be null and void and not binding on either party. It is understood by and between the parties to this agreement that all conditions between the two parties shall extend to their heirs, executors, administrators and assigns."

The bill alleges that subsequent to the execution of the above lease Mrs. Houghton "began sinking a well on said land, prospecting for oil and gas, and after sinking *one* well a depth of something like 1,000 feet, she abandoned said well and began sinking *another*, and after sinking the *second* well about 1,200 feet she *abandoned* the same, and moved her drilling machinery away from said property and has not been upon said property since that time. The said Mrs. Matilda G. Houghton fully and completely abandoned said property and abandoned all prospecting upon said lands and has not attempted to do any prospecting or claimed any rights under said instrument for about nine years immediately preceding the filing of this bill." The bill further alleges that, since the discovery of gas in an adjoining county, "within the last few months the said Mrs. Houghton has set up her claim to the rights and privileges contained in said instrument, * * * and has transferred, or agreed to transfer, to W. R. Coleman and J. S. Shannon (the other respondents to the bill) some interest in said instrument or lease, together with the rights and privileges therein contained, and the said W. R. Coleman and J. S. Shannon are now claiming some rights under said instrument or lease." The bill prays, among

[Shannon, et al. v. Long.]

other things, that a decree be rendered declaring said instrument forfeited or annulled.

It is plainly evident, if the allegations of the bill are true, that Mrs. Houghton, who was required by the terms of the lease to commence operations on the land within *four* months, when she failed, after sinking one well 1,000 feet and another well 1,200 feet, to find gas or oil, treated the well referred to in the above-quoted paragraph of the lease as "noncompleted," and that, when she removed her drilling machinery from the land and ceased operations under the terms of the lease, she treated the "noncompletion of the well" as having rendered the lease "null and void and not binding on either party."

The only way in which gas or petroleum oil can be obtained out of the earth is to drill a well for it, and when Mrs. Houghton agreed, in the lease, to commence operations within *four* months, the operations contemplated by the parties were the sinking of a well. The "said well," therefore, referred to in the lease, was a well which was to be begun while the lessee was on the property prospecting for oil or gas and which prospecting was, under the terms of the lease, to commence within four months after the execution and delivery of thé lease, and by the "completion" of the well the parties plainly meant the discovery of oil or gas in commercial quantities. The lease, by its express terms, became "void" when the lessee failed to discover gas or oil while prospecting for the same as provided for in the lease, and the abandonment of the property by Mrs. Houghton after her failure to find gas or oil conclusively shows that she so understood the lease, and the failure of the lessor to require continuous operations under the lease also shows that he so understood its terms.—24 Cyc. 1372.

Ordinarily, the lessor *only* can avail himself of a forfeiture of a lease on the part of his tenant.—Taylor's Landlord & Tenant, § 492. In the present case, however, as the finding of oil or gas by the tenant was problematical—a thing which could not be determined until a well was sunk—the option was given the tenant if the *well was not completed,* i. e., if oil or gas in commercial quantities was not found by sinking a well, to abandon operations upon the property and treat the lease as null and void and not binding upon her. This, under the allegations of the bill, Mrs. Houghton plainly did, and, when she did so, her rights under the lease, by the express terms of the lease, were at an end. In fact, as we have already said, by the express terms of the lease the noncompletion of a well *avoided* the lease.

Equity possesses ample powers, under the circumstances shown by this bill, to cancel the lease and to declare that by the acts of Mrs. Houghton it had been forfeited and that it is null and void. The lease is, under the facts set up in the bill, a void incumbrance upon the title to the land of appellee's testator, and, if the facts alleged are true, Mrs. Houghton's rights, under that lease, by her own acts, under the very terms of the lease, and by the language of the lease, were forfeited before the filing of the bill.

As we understand the bill, the appellee does not invoke the jurisdiction of the chancery court to *forfeit* the lease, but only to declare that the lease, by the acts of Mrs. Houghton, *has been forfeited,* and to cancel the lease as a cloud upon the title of his testator to the land. This a court of equity has the power to do.— *Pendill et al. v. Union Min. Co.,* 64 Mich. 172, 31 N. W. 100; *Torrent Fire Engine Co. No. 5 v. City of Mobile,* 101 Ala. 563, 14 South. 557; *Gardner v. Knight et al.,* 124 Ala. 273, 27 South. 298.

(2) In the case of *Thorington v. City Council of Montgomery*, 82 Ala. 591, 2 South. 513, this court, speaking of the jurisdiction of courts of equity to remove clouds from titles to real estate independent of secs. 5443 et seq. of the Code of 1907, said, through STONE, C. J.: "It is settled in this state beyond further dispute that, to maintain a bill to remove or prevent a cloud on title, the complainant must be in the *actual* possession of the lands, and the bill, to be sufficient, must aver that fact." The rule thus declared through Chief Justice Stone was but a rule which had been previously declared and which has been repeatedly followed by this court.— *Jones v. de Graffenried*, 60 Ala. 145; *Belcher et al. v. Scruggs et al.*, 125 Ala. 337, 27 South. 839; *Galloway, Trustee, v. Hendon, Guardian*, 131 Ala. 280, 31 South. 603; *Tarwater v. Going*, 140 Ala. 273, 37 South. 330; *Hardeman v. Donaghey*, 170 Ala. 362, 54 South. 172. The above rule as to the necessity of an averment in the bill of *actual* possession refers, as a general rule, only to cases where the complainant is vested with the legal title. When the holder of an *equitable* title, only, to land, is out of possession, he cannot maintain an action of ejectment to oust the actual possessor of the land, and for that reason he is not required, upon a bill filed to remove a cloud from the title to such land, to allege possession in himself.—6 Am. & Eng. Ency. Law, 159, subd. "f"; 4 Pom. Eq. (3d Ed.) § 1399, note, and authorities cited; 6 Pom. Eq. Jur. (Pom. Eq. Rem. vol. 2) § 731; *Armstrong v. Connor*, 86 Ala. 350, 5 South. 451; 2 Mayf. Dig. 597, subd. 9.

(3) Under our statutes (section 5443 et seq. of the Code of 1907) a bill to remove a cloud from the title to land may be maintained by one "in the actual or constructive peaceable possession" of such land; but a bill invoking equitable relief under the statute must aver

that no suit is pending to enforce the validity of the title, claim, or incumbrance sought to be removed as a cloud upon the title and must call upon the respondent to the bill to set forth and specify his title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created.—Code 1907, §§ 5443, 5444, and authorities cited under said sections.

The bill, in the present case, cannot be maintained as a bill under the above statutes, because it fails to aver that no suit is pending to enforce the validity of the claim of the respondents to the said land, and it also fails to call upon the respondents to set forth their title, claim, etc., to the land.—*Parker v. Boutwell & Son,* 119 Ala. 297, 24 South. 860; *Slosson et al. v. McNulty et al.,* 125 Ala. 124, 29 South. 183, 82 Am. St. Rep. 222. The bill was specifically demurred to on the above grounds, and, if it is to be treated as a bill filed under our statutes, it is plainly demurrable.

(4) The complainant concedes that his bill cannot, for the reasons above assigned, be maintained as a bill filed under the above statutes, but insists that it can be maintained under the general jurisdiction of courts of equity to remove clouds from the title to real estate. In other words, that his bill can be maintained as a bill filed independent of the statute.

The bill is filed by an executor. The will of which he is the executor devises the lands described in the bill, subject to the powers over the land conferred upon the executor, to a number of devisees. The executor is not, under the will, the owner of either the legal or the equitable title to the land; but, under the terms of the will, he possesses the broadest powers over them. He may sell or mortgage them and possesses, under the will, almost any power which his testator possessed while living. Under our statutes he may, by virtue of

his executorship, maintain ejectment for any of said lands which may be held adversely, and, if not held adversely—and the bill says that he is in the actual or *constructive* peaceable possession of the lands—he has the undoubted right to at once assume the *actual* possession of the land. *"Actual* possession, or possession in fact, exists when the thing is in the *immediate occupancy* of the party, or his agent or tenant; *constructive* possession, a *possession* in law, is that possession which the law annexes to the legal title or ownership of property, when there is a right to the immediate *actual* possession of such property, but *no actual* possession." —*Southern Railway Co. v. Hall,* 145 Ala. 224, 41 South. 135.

The power of an executor or administrator to maintain a bill to remove a cloud from the title of the lands of his testator or intestate independent of some statute conferring that authority is doubted in many jurisdictions. There seems, however, to be no conflict among the authorities about the proposition that, to do so, he must show that he has assumed possession and control of such real estate.—*McKee v. Howe,* 17 Colo. 538, 31 Pac. 115; *Hall v. Pierson,* 63 Conn. 332, 28 Atl. 544; *Jenkins v. Bacon,* 30 Mich. 154; *King v. Boyd,* 4 Or. 326; *Curtis v. Sutter,* 15 Cal. 259.

As, under the laws of this state, an executor, unless restrained therefrom by the terms of the will, possesses, by virtue of his testator's will, the same power to assume the actual possession of his testator's land for the purposes of administration, as the testator himself possessed while living, and as, by virtue of our statutes, he may, to the same extent as could his testator, maintain ejectment to recover possession of such lands, we can see no reason why an executor, when he files a bill to remove a cloud from the title to lands of his testator,

[Shamnon, et al. v. Long.]

should be relieved from the necessity of alleging in his bill that he was in the actual possession of the lands when he filed such bill if such bill is filed independent of our statute.

When a lease is avoided by a tenant by reason of the breach of a condition subsequent therein, the landlord may enter and assume possession because of the condition broken. So may the executor of such landlord. If such tenant refuses to deliver possession to the landlord, the landlord may recover possession by an action of ejectment. So may the executor of such landlord. In fact, any reason which requires the holder of the legal title to land to aver, in a bill filed independent of our statute to remove a cloud from the title to such land, that he is in the actual possession thereof, also requires an executor, unless there is some provision in the will withholding from him the right of immediate possession, to aver that he is in the actual possession of the land.

Taking into consideration the statutory authority of an executor in this state over the real estate of his testator, and the broad powers which the will (attached as an exhibit to the bill) confers upon the complainant, we think it clear that the complainant's bill contains equity provided his testator, if living, could with the same allegations as to the possession of the land obtain relief under the bill.

The bill, as we have already stated, contains the averment that the complainant is in the "actual or constructive peaceable possession" of the land. The only ground of demurrer which can possibly be construed as being taken to this feature of the bill is the general demurrer that the bill is wanting in equity.

We recognize the general rule that, when a bill contains alternative averments, each alternative must en-

title the complainant to relief, or no relief can be granted.—Sims' Ch. Pr. § 217. This rule does not, however, refer to a bill which is attacked solely by a general demurrer for want of equity.

"A general demurrer for want of equity is good only where the bill fails to state any ground whatever for equitable relief. If such a case be stated, the demurrer must be overruled, however imperfect the manner of statement may be. To sustain the demurrer the court must be satisfied that no discovery or proof called for by the bill can make the subject-matter of the suit a proper case for equitable relief."—16 Cyc. 272 (11).

In the present case the complainant appeals to a court of equity to declare that a lease which was executed by his testator, and which, by its terms, under the allegations of the bill, has been forfeited, is, on account of such forfeiture, null and void, and to cancel the same as a cloud upon his testator's title. This constitutes the real purpose and the true equity of the bill. The respondents are shown not to be in possession of the land, and while, by averring in the alternative that he was either in the actual or constructive peaceable possession of the land, the complainant subjected his bill as a bill to remove a cloud from the title to land to a successful attack by a special demurrer assigning this particular feature of the bill as the ground of such demurrer, he did not, by reason of such averment, eliminate all equity from his bill, nor place his case in such an attitude that no "proof called for by the bill could make the subject-matter of the suit"—a cancellation of the forfeited lease as a cloud on title—"a proper case for equitable relief." Certainly, under the allegations of his bill, the complainant has a right to offer proof that he is in the actual possession of the land and to offer the other proof necessary to support his claim for relief.

[Shockley, et al. v. Christopher.]

· In our opinion, therefore, the bill in this case was not subject to the general demurrer that the bill is wanting in equity.

We have possibly discussed the questions involved in this case at greater length than the circumstances appear to warrant. Some of the questions discussed are raised in another case now pending in this court, and we have therefore deemed it wise to give full expression to our views on all the questions presented by this record.

We find no error in the record. The judgment of the court below is affirmed.

Affirmed. All the Justices concur.