This appeal involves a right of redemption, pursuant to Code 1975, § 40-10-82 and § 40-10-83, of property sold at a tax sale. The trial court held that Kathryn Williams, the record title holder was entitled to redeem the property. We affirm. *Page 1313 
 FACTS
Joe Giardina filed a bill to quiet title against Williams, alleging that he owned the property under a tax deed, based on a 1972 tax sale for unpaid 1971 ad valorem taxes owed by Williams. The land in question is a vacant undeveloped lot located in Birmingham, Alabama. Williams denied the material allegations of the complaint and denied that Giardina was in the quiet, peaceful, and actual possession of the property.
Giardina filed a motion for summary judgment; Williams filed a motion to ascertain the amount required for her to redeem. After a hearing on these motions, the trial court denied Giardina's motion for summary judgment, and granted Williams's motion to ascertain the amount to redeem, and set the amount to be paid by her at $3,068.47. Giardina filed a motion to correct the prior order, or, to set the case for trial, which the trial court denied. Giardina then appealed.
The trial court entered the following judgment on the motion for summary judgment and the motion to ascertain the amount to redeem:
 "This cause came on to be heard on 'Motion for Summary Judgment' and 'Motion to Ascertain Amount to Redeem' on June 11, 1986. The Court finds that there is no dispute between the parties as to the following facts of this case:
 "(1) that the plaintiff purchased the following described real estate at a tax sale in 1972 for non-payment of 1971 taxes:
 " 'Lot 15, Welch Addition to Glenview Survey as shown of record in Probate Office of Jefferson County, Alabama as per Map Book 5, Page 28;
 "(2) that the plaintiff is the holder of the tax deed executed by the Probate Judge of Jefferson County, Alabama, which deed is of record in Real Volume 2627, Page 600 in the Probate Office of Jefferson County, Alabama;
 "(3) that the plaintiff has, since 1972, for a period of at least 10 years prior to the commencement of this action, paid property taxes on the subject property;
 "(4) that the defendant acquired fee simple title in and to subject realty on the 15th day of July, 1964, by the certain warranty deed recorded in Real Volume 22 [sic] at Page 196 in the Probate Office of Jefferson County, Alabama;
 "(5) that the defendant was, at the time of the tax sale in 1972, and continues to be, the record title owner of subject realty; and
 "(6) that from the date of the tax sale in 1972 until this date, neither the plaintiff nor the defendant, nor anyone acting on their behalf, have been in actual possession of the subject property.
 "The above stated facts not being in dispute, the Court finds that the defendant is entitled as a matter of law to have judicial redemption pursuant to Section 40-10-83, Code 1975, which preserves the right of redemption without limit of time, if the owner of the land seeking to redeem has retained possession. The character of possession required by the statute need not be actual and peaceable, but may be constructive, and where there is no real occupancy of the land, constructive possession follows the title of the original owner. [Hand v. Stanard, 392 So.2d 1157
(Ala. 1980)]. This possession can only be cut off by the adverse possession of the tax purchaser. [Stallworth v. First National Bank of Mobile, 432 So.2d 1222 (Ala. 1983)]. The Court finds that the defendant has constructive possession of the property by virtue of holding title as original owner of subject realty.
 "Such possession was not cut off by the adverse possession of the plaintiff, tax purchaser. The facts are undisputed that neither party has been in actual possession of the property since 1972. The plaintiff's claim to adverse possession rests on payment of taxes on the property for more than 10 years prior to the commencement of this action. Section 6-5-200(a), Code 1975 provides three alternatives for establishing adverse possession, one of which is having the land listed for taxation for ten years prior to the commencement of the action. Even *Page 1314 
assuming that the plaintiff has had the land listed for taxation for the necessary period, and not merely paid the taxes thereon, each of the three alternative methods set out in Section 6-5-200(a) must be supported by all the requisite elements of adverse possession, including actual occupancy. [Jones v. Jones, 423 So.2d 158
(Ala. 1982)]. Since there is no dispute between the parties that no one has been in actual occupancy of the land, the plaintiff as a matter of law has not established adverse possession necessary to cut off the defendant's right to redeem subject realty.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "ONE: The defendant is, as a matter of law, entitled to redeem the following property pursuant to Section 40-10-83, Code 1975, to-wit:
 " 'Lot 15, Welch Addition to Glenview Survey as shown of record in Probate Office of Jefferson County, Alabama as per Map Book 5, Page 28;'
 "TWO: In order to redeem the above described property, the defendant must pay over to the plaintiff the sum of THREE THOUSAND SIXTY EIGHT AND 47/100 DOLLARS ($3,068.47), which sum includes: the amount paid by the plaintiff at the tax sale; taxes subsequently paid by the plaintiff on subject realty, together with interest at six percent per annum thereon.
 "THREE: Costs of this action are taxed to defendant.
 "DONE and ORDERED and [sic] this 6th day of August, 1986.
"/s/ Jack D. Carl
"CIRCUIT JUDGE"
We are of the opinion that the trial court's decree in this case correctly states the law. Code 1975, § 40-10-83, has as its purpose the preservation of the right of redemption in the owner, within a time limit, if the owner has retained possession. O'Conner v. Rabren, 373 So.2d 302 (Ala. 1979). The character of possession does not have to be actual and peaceable; it may be constructive or scrambling. Where there is no real occupancy of the land, constructive possession follows the title of the original owner and can be cut off only by the adverse possession of the tax purchaser. Hand v. Stanard,392 So.2d 1157 (Ala. 1980). Code 1975, § 40-10-82, provides a bar to redemption where the tax purchaser can show continuous adverse possession for three years after he is entitled to demand a tax deed. Stallworth v. First National Bank of Mobile,432 So.2d 1222 (Ala. 1983).
The trial court found that neither party had been in actual possession of the property since 1972; therefore, we agree with the trial court that Giardina has not established the three years' adverse possession necessary to cut off Williams's right to redeem. Accordingly, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, ALMON, SHORES and BEATTY, JJ., concur.