The defendant, the Department of Revenue, appeals the trial court's ruling that certain State income tax liens and a sheriff's deed did not encumber the plaintiffs' title to real property. We reverse and remand.
The issue we address is whether the Department is a "judgment creditor without notice," within the meaning of that term in Code 1975, § 35-4-90.
On January 4, 1977, the plaintiffs purchased two parcels of farm land, lots 714 and 715, from Murdock C. Stephens and Carmen M. Stephens for $85,000 and received a warranty deed. However, the plaintiffs neglected to record their deed to lots 714 and 715 until January 9, 1980.
Lots 714 and 715 were contiguous to lot 716, which the plaintiffs had purchased from the Stephenses in 1976. The plaintiffs resided on lot 716. The plaintiffs purchased lots 714 and 715 with the view toward developing that property into a residential subdivision. After the plaintiffs purchased lots 714 and 715, they had the lots surveyed and a topographical map and plat prepared by an engineer; posted "no trespassing" signs and "for sale" signs on the property; discussed the proposed subdivision with several local realtors; evicted hunters and campers from the lots; demolished the Stephenses' old residence on lot *Page 8 
714; removed topsoil and firewood from the lots; graded a driveway across the lots, which they used for ingress to and egress from their residence on lot 716; paid ad valorem taxes for the lots; and claimed a casualty loss for storm damage to the lots on their 1979 federal tax return.
On June 14, 1979, the Department recorded a certificate of lien for taxes for 1976 income tax owed by the Stephenses in the amount of $3,705.27 pursuant to Code 1975, § 40-1-2. On September 19, 1979, a final assessment for 1976 income tax was entered against the Stephenses in the amount of $3,740.28. No appeal of the assessment was taken.
On August 18, 1980, the Department secured a writ of execution against all property that the records indicated were owned by the Stephenses, including lots 714 and 715, which had been conveyed to the plaintiffs in 1977. On October 27, 1980, the Department purchased lots 714 and 715 at a public auction conducted by the sheriff.
The plaintiffs filed suit to quiet title and to remove the cloud on their title resulting from the tax liens and the sheriff's deed. The trial court declared the land to be free and clear of all claims, interests, liens, or encumbrances of the Department, voided the deed under which the Department claimed title, and removed the cloud from the plaintiffs' title to lots 714 and 715. The trial court's findings of fact included, inter alia, a finding that the plaintiffs were purchasers in the usual course of trade and that the Stephenses had retained no interest in the property after the January 4, 1977, conveyance to the plaintiffs. The trial court concluded that the Department had not obtained a lien against lots 714 and 715, because of the finding that the plaintiffs had been prior purchasers in the "usual course of trade" within the meaning of § 40-1-2, and concluded that the Department was not a "judgment creditor" so as to be able to take advantage of Code § 35-4-90. The trial court made no finding as to whether the Department had notice of the plaintiffs' interest in lots 714 and 715.
The Department argues on appeal that a tax lien against lots 714 and 715 arose by operation of law pursuant to § 40-1-2(a) and (b), which provide:
 "(a) If any person liable to pay any tax, other than ad valorem taxes, neglects or refuses to pay the same[,] the amount, including any interest, penalty, additional amount or addition to such tax, together with any costs which may accrue in addition thereto, shall be a lien in favor of the state of Alabama upon all property and the rights to property, real or personal, belonging to such person. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list, return therefor or the payment thereof, as the case may be, was due to have been filed with or made to the department of revenue or other agency of the state or county and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of the lapse of time.
 "(b) Such lien shall not be valid against any mortgagee, purchaser in the usual course of trade or conventional judgment creditor with an actual money judgment of some court until after the time a notice thereof has been filed by the department of revenue or other agency of the state or county in the office of the judge of probate of the county in which such property, real or personal, is located, but the recordation thereof as to any other person, receiver, trustee, creditor or committee shall not be required."
The Department argues further that it is a "judgment creditor without notice" within the meaning of § 35-4-90(a), which provides:
 "(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the rights of such purchasers, mortgagees or judgment creditors."
Based on its argument that it is a judgment creditor without notice, the Department argues that the plaintiffs' deed to lots *Page 9 
714 and 715 is inoperative and void against the Department because plaintiffs had failed to record their deed before the accrual of the Department's rights.
However, plaintiffs argue on appeal that the Department is not a "judgment creditor," and even if it was deemed to be one, that it had actual and constructive notice of the conveyance before the final assessment was entered; thus, the plaintiffs argue, the Department is not protected by § 35-4-90.
Section 40-2-22 allows the taxpayer 30 days to appeal a final assessment of taxes. A judgment on appeal under § 40-2-22 is as final as any other judgment. A final assessment for income tax that is not appealed is as conclusive as a judgment of a circuit court. Lambert v. State Department of Revenue,414 So.2d 983 (Ala.Civ.App. 1982); Hamm v. Harrigan, 278 Ala. 372,178 So.2d 529 (1965), cert. denied, 382 U.S. 981, 86 S.Ct. 555,15 L.Ed.2d 471 (1966); Sparks v. Brock Blevins, Inc.,274 Ala. 147, 145 So.2d 844 (1962); State v. Woodroof, 253 Ala. 620, 46 So.2d 553 (1950).
Therefore, we hold that the defendant, the Department of Revenue, is a "judgment creditor" within the meaning of §35-4-90 and that its "rights" accrued at the expiration of the time allowed for appeal from the final assessment (30 days). See § 40-2-22.
A judgment creditor without notice is protected against an unrecorded deed. The plaintiffs, as holders of an unrecorded deed, have the burden of proving "notice" to the Department of their right. King v. Artman, 225 Ala. 569, 144 So. 442 (1932).
Because the trial court did not determine whether the Department had notice of the plaintiffs' right in lots 714 and 715, this cause is remanded to the circuit court with instructions that a hearing be conducted to determine whether the Department had actual and/or constructive "notice" within the meaning of § 35-4-90.
The judgment is reversed, and the cause is remanded with instructions.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.