This case involves a dispute between the Alabama Department of Revenue ("Department") and owners of land over the rights of those owners to redeem the property against the Department, which had bought the property at a sale for delinquent taxes.
The issues raised are 1) whether the trial court incorrectly applied Ala. Code 1975, *Page 49 
§ 40-10-83, to the redemption of property sold for the failure to pay "income" taxes; 2) whether the trial court lacked in rem and personal jurisdiction to order redemption under Ala. Code 1975, § 40-10-83, against the Department, because of the State's immunity from suit; 3) whether the owners who sought redemption were the proper parties to obtain redemption under §40-10-83; and 4) whether the Department was paid an adequate amount for redemption under § 40-10-83.
On January 4, 1977, Thornton Price-Williams and Elizabeth L. Price-Williams, the appellees, purchased lots 714 and 715 from Murdock C. Stephens and Carmen M. Stephens for $85,000 and received a warranty deed. However, the Price-Williamses did not record the deed until January 9, 1980.
On June 14, 1979, the Department recorded a certificate of lien for taxes, claiming that the Stephenses owed the Department $3,705.27 for income taxes due from 1976. On September 19, 1979, a final assessment of income tax for 1976 was entered against the Stephenses in the amount of $3,705.27.
On August 18, 1980, the Department issued a writ of execution against all property belonging to the Stephenses. On October 27, 1980, lots 714 and 715 were sold at a sheriff's sale, at public auction, and the Department bought the property.
The Price-Williamses filed suit to quiet title and to remove the cloud on their title resulting from the tax liens and the sheriff's deed. The trial court declared that the title to the land was free and clear of all claims, interests, liens, or encumbrances of the Department, voided the deed under which the Department claimed title, and removed the cloud from the Price-Williamses' title to the lots. The trial court's findings of fact included, inter alia, a finding that the Price-Williamses were purchasers in the "usual course of trade" and that the Stephenses retained no interest in the property after the January 4, 1977, conveyance to the Price-Williamses. The trial court concluded that the Department did not obtain a lien against the lots because the Price-Williamses were prior purchasers in the "usual course of trade" within the meaning of § 40-1-2, and that the Department was not a "judgment creditor" so as to be able to take advantage of Ala. Code 1975, § 35-4-90, which provides:
 "(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.
 "(b) Subsection (a) of the section includes absolute conveyances of real property defeasible by a defeasance or other instrument, in which case such defeasance or instrument must be recorded, according to its character, within the time limited in subsection (a) of this section or it is void as to purchasers for a valuable consideration, mortgagees and judgment creditors of the original grantee without notice."
The trial court made no finding whether the Department had notice of the Price-Williamses' interest in the lots.
The Department appealed that judgment, and this Court reversed and remanded, Department of Revenue v. Price-Williams,545 So.2d 7 (Ala. 1989), and ordered the trial court to determine whether the Department had actual and/or constructive notice of the unrecorded deed within the meaning of § 35-4-90, so as to make it a "judgment creditor with notice." A judgment lien creditor with notice is not protected against an unrecorded deed, while a judgment creditor without notice is protected. Department of Revenue, 545 So.2d at 9. The Price-Williamses, as holders of an unrecorded deed, had the burden of proving that the Department had notice of the unrecorded deed. Id.
On remand, the trial court found that the Department did not have notice of the unrecorded deed at the time the final assessment was entered, and that the Department was a judgment lien creditor under *Page 50 
the provisions of Ala. Code 1975, § 35-4-90(a). Nevertheless, in order to "best serve equity," the trial court allowed the Price-Williamses, under § 40-10-83, to redeem the lots from the Department upon payment of the final assessment and interest. This section provides that an owner in possession of property can redeem. It states:
 "When the action is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with six percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon payment into the court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."
Ala. Code 1975, § 40-10-83.
The Department again appeals. We affirm.
 I.
The Department argues that the trial court erred when it applied § 40-10-83 to the redemption of property sold for the failure to pay "income" taxes, contending that the statute is limited to the redemption of property sold for the failure to pay "ad valorem" taxes. While the Department argues that Chapter 10 of Title 40 deals exclusively with "ad valorem" taxes, this Court has not found anything to convince us that §40-10-83 is so limited. If we limited the application of §40-10-83 to property sold for the nonpayment of ad valorem taxes only, as the State urges us to do, at least two principles of law applicable to the right of redemption would have to be discarded: (1) that legislation authorizing an owner to redeem where the State is the purchaser should be liberally construed in favor of the right to redeem, and (2) that statutes authorizing former owners to redeem property bought in by the State for nonpayment of taxes should be liberally construed so as to foster the return of land to the tax rolls of the State.
In its order, the trial court stated:
 "Equity is best served by allowing Thornton Price-Williams and Elizabeth Price-Williams to redeem for the amount of the first lien. The Department of Revenue is made whole for the amount of taxes outstanding that it properly filed liens for. It would be inequitable as well as unlawful under the provisions of Section 40-10-83, Code of Alabama, 1975, to deny the Price-Williams the right to redeem."
It is well settled in this court that a proceeding under § 40-10-83 (former Ala. Code 1940, § 296, Title 51), "is a straight bill to enforce a redemption in equity." Bobo v.Edwards Realty Co., 250 Ala. 344, 345, 34 So.2d 165, 166-67
(1947). See Tensaw Land Timber Co. v. Rivers, 244 Ala. 657,15 So.2d 411 (1943) (emphasis added).
 "The requisite averments of possession essential to invite equitable relief by the several stated remedies are, of course, not the same. The court in many cases has pointed out the allegational requirements in statutory bills to quiet title and to remove clouds on titles, but we find no decision indicating the character of possession to be alleged in a bill such as the instant one seeking direct relief under the section.
 "The trend of our decisions seems to have been rested on the theory that to enforce a redemption in equity under the Code section the owner, taxpayer or other statutory designee must have remained in some sort of actual or constructive possession of the land since the tax sale. . . .
 "The character of the redemptioner's possession necessary to such equitable *Page 51 
relief is not prescribed in the statute. . . ."
Bobo, 250 Ala. at 346, 34 So.2d at 167.
The underlying principle in a court of equity is that "nothing will be permitted within its jurisdiction which is unconscionable." Humphrey v. Humphrey, 254 Ala. 395,48 So.2d 424, 427 (1950). Allowing the Department to keep the Price-Williams property, worth at least $85,000, for the nonpayment of $3,740.28, would be inequitable, and the trial court did not abuse its discretion in so finding. Both parties in this case were made whole upon payment to the Department of the delinquent taxes and upon the return of title to the Price-Williamses. Therefore, this Court finds that the equitable redemption statute, § 40-10-83, is applicable to the redemption of property sold for the nonpayment of any type of tax and is not limited to the redemption of property sold for the nonpayment of ad valorem taxes only.
 II.
The Department argues that the trial court lacked both in rem and personal jurisdiction to allow redemption against it because the Department, as an agency of the State, is immune from suit under the doctrine of sovereign immunity. See Ala. Const., 1901, art. I, § 14. We find this argument to be without merit. Sovereign immunity is an affirmative defense. See Phillips v. Thomas, 555 So.2d 81, 86 (Ala. 1989); Bell v.Chisom, 421 So.2d 1239 (Ala. 1982); Rittenhouse v. DeKalbCounty, 764 F.2d 1451, 1459 (11th Cir. 1985), cert. denied,475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986). It is waived if it is not affirmatively pleaded at the trial court level.Harkins Co. v. Lewis, 535 So.2d 104 (Ala. 1988); Haynes v.Payne, 523 So.2d 333, 334 (Ala. 1988).
The Department asks this Court to treat it like any other judgment lien creditor without notice, yet simultaneously allow it to invoke the doctrine of sovereign immunity. Even if the defense of sovereign immunity was available, the Department failed to raise that defense until it appeared before this Court. Consequently, the Department waived this defense and will be treated like any judgment lien creditor without notice.
 III.
The Department also contends that the Price-Williamses are not the proper parties to obtain redemption under § 40-10-83. That section provides:
 "When the action is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with six percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."
On its face, § 40-10-83 seems limited to actions by the tax-sale purchaser for possession of property. The statute provides that if the person against whom the taxes were assessed or the owner of the land at the time of the sale makes a motion to the court before trial, the court may render a judgment against him for the purchase amount, subsequent taxes, and reasonable attorney's fees, and the judgment will act as a lien on the land. Upon payment of the judgment, the defendant may reacquire title to the land. Id.
Section 40-10-83 is a restrictive statute that has been expanded by case law.
 "The text of this statute sits, like the tip of an iceberg, atop a body of case law that transforms the section into an additional and distinct right of redemption. *Page 52 
This right is vital to owners who have not elected to redeem within the three-year statutory period. Without reference to these cases, such a right would exist only in a very limited form. The owner would have to wait until he was sued for possession before he could redeem."
William R. Justice, Redemption of Real Property Following TaxSales in Alabama, 11 Cum.L.Rev. 331, 336 (1980). See Langan v.Altmayer, 539 So.2d 173 (Ala. 1988). One commentator says that this Court's perception regarding § 40-10-83 has been "evidenced [by] its inclination to support landowners against tax-sale purchasers by creating a method of judicial redemption while purportedly following the wishes of the legislature." He adds:
 "An owner who has failed to redeem within three years of the tax sale may still redeem by bringing a suit to quiet title despite the statute's requirement that the suit be against the owners, although the strict procedural requirements of bills to quiet title observed outside the realm of taxation are ignored."
William R. Justice, Redemption of Real Property Following TaxSales in Alabama, 11 Cum.L.Rev. at 340.
In 1921 the Court decided Georgia Loan Trust Co. v.Washington Realty Co., 205 Ala. 288, 87 So. 794 (1921), which opened the door for an owner to seek redemption under a predecessor statute to § 40-10-83 without waiting to be sued in ejectment by the tax-sale purchaser. In that case, the Court permitted an owner in possession to seek redemption by bringing a bill to quiet title, as the Price-Williamses did here. SeeKaragan v. Bryant, 516 So.2d 599 (Ala. 1987) (owner in possession does not have to wait to be sued, but may bring an original bill to quiet title).
In 1946, in Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75
(1946), the Court laid out the following requirements necessary to obtain redemption under what is now § 40-10-83: First, there must be possession of the land by the complainant within the meaning of the statute. Moorer, 247 Ala. at 679,26 So.2d at 78. Second, the complainant must belong to the class permitted under the statute to redeem. Moorer, 247 Ala. at 680,26 So.2d at 78. Third, there must be a claim by the opposing party under a tax sale. Id. Fourth, there must not be a suit pending to enforce or test the opposing party's claim. Id.
It is undisputed that the Department claimed title to the property under a tax sale and that no suit was pending to test its claim. However, the Department argues that the Price-Williamses were not in possession of the property and that they were not of the class protected by the statute.
This Court has gradually expanded the nature of possession required to constitute an "owner in possession" under §40-10-83. Possession may be "actual," "constructive," "scrambling," or "peaceable." Actual possession is possession in fact and exists when the property is in the immediate occupancy of the owner or the owner's agent. Shannon v. Long,180 Ala. 128, 60 So. 273 (1912). Constructive possession is possession incident to legal title accompanied by a right to immediate possession. Id. See Giardina v. Williams,512 So.2d 1312 (Ala. 1987). Scrambling possession is disputed or contested possession concerning the actual fact of possession itself. Hinds v. Slack, 293 Ala. 25, 299 So.2d 717 (1974); seeTanner v. Case, 273 Ala. 432, 142 So.2d 688 (1962). Peaceable possession may be either actual or constructive, but such possession is so clear that no one denies it. George E. WoodLumber Co. v. Williams, 157 Ala. 73, 47 So. 202 (1908).
The trial court found that the Price-Williamses were in actual and peaceable possession of most of the property from January 4, 1977, through the date of the trial proceeding. However, certain parcels of the property were conveyed by warranty deeds after May 30, 1985. By virtue of the warranty deeds, the Price-Williamses agreed to warrant and forever defend the title to the property. The trial court found that the successors in title were also in actual and peaceable possession. Therefore, the trial court found that the Price-Williamses' possession of the property fell within the meaning of the statute. *Page 53 
In order to prevail, the Price-Williamses must also be within the class allowed to redeem under § 40-10-83. The Department argues that the Price-Williamses were not within the class, i.e., were not owners of the land at the time of the sale, because the trial court found that the Department was a judgment creditor without notice and held that pursuant to §35-4-90, the deed from the Stephenses to the Price-Williamses was ineffective as to the State. We agree that the deed was ineffective as to the Department; however, as between the Stephenses and the Price-Williamses, the deed was valid and passes clear title. See Alexander v. Fountain, 195 Ala. 3,70 So. 669 (1916). Therefore, the Price-Williamses were owners of the land at the time of the sale and thus were within the class allowed to redeem under the statute. The fact that they were not "owners" in the eyes of the Department does not negate their ownership in the context of § 40-10-83.
This Court concludes that the Price-Williamses were proper complainants under § 40-10-83 and that the trial court properly allowed them to redeem the property from the Department. The trial court divested the Department of all title and interest in the property upon the payment of the final tax assessment filed on September 19, 1979, $3,740.28, plus interest pursuant to the provisions of § 40-10-83.
 IV.
Finally, the Department argues that the trial court set an inadequate amount for the redemption. The statute provides that the tax-purchaser plaintiff be paid the purchase price and taxes he subsequently paid, together with six percent interest and attorney fees. However, this Court has held that when a tax-purchaser is a defendant the tax-purchaser is not entitled to attorney fees. Morris v. Card, 223 Ala. 254, 135 So. 340
(1931). The Department did not clarify why it considered the redemption amount inadequate and presented no evidence concerning the price it paid for the property at the tax sale. Therefore, since the Department did not present enough evidence for review, we must presume that the trial court was correct in its judgment. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987).
A court of equity is authorized to mold its judgment to adjust the equities of the parties and meet the necessities of each situation. Ex parte Handley, 460 So.2d 167, 169 (Ala. 1984). The Price-Williamses are not the parties who failed to pay their income taxes. They lost property worth at least $85,000 for income taxes in the sum of $3,740.28. The Department received a windfall, and upon payment of the purchase price, taxes, and interest, it was made whole. We must agree with the trial court's exercise of its discretion. Allowing the Price-Williamses to redeem under § 40-10-83 was an equitable solution.
The remainder of the appellants' arguments are without merit. The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.