BRYAN, Judge.
Katrina M. Grogan and.Charlie V. Martin (“the plaintiffs”) appeal a judgment finding that they are not the owners of a 3.36-acre tract of unoccupied real property (“the property”) and that Ballard Hillman, Jr., and Susanne Hillman (“the defendants”) own the property.
Pursuant to § 6-6-560 et seq., Ala.Code 1975 (“the Grove Act”), the plaintiffs sued to quiet title to the property. The plaintiffs originally named.as opposing parties Hudson Hillman, the unknown devisees of Hudson Hillman, and the property. The plaintiffs later amended their complaint to add the defendants, who are the grandchildren of Hudson Hillman. In their complaint and amended complaint, the plaintiffs alleged that “[t]he last owner of record of [the] property is Hudson Hill-man by way of warranty deed....”
Summarizing § 6-6-560 of the Grove Act, our supreme court has stated:
“An action to quiet title under the terms of the Grove Act may be commenced when any one of the following situations is shown to exist:
“ ‘(1) When the complainant is in the actual, peaceable possession of the lands.
“ ‘(2) When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.
“ ‘(3) When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.
“ ‘(4) When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.’ ”
Shelton v. Wright, 439 So.2d 55, 57 (Ala.1983) (emphasis omitted) (quoting Fitts v. Alexander, 277 Ala. 372, 375, 170 So.2d 808, 810 (1965)). The plaintiffs sued to quiet title to the property under the fourth condition quoted above.
Section 6-6-566(c) of the Grove Act provides the following conditions for establishing conclusive evidence of title:
“(c) Against all persons who have neither paid any taxes upon said lands nor had any possession thereof, or of any part thereof, during the 10 years next preceding the filing of the complaint ... proof of exclusive payment of taxes by the plaintiff or by the plaintiff and those through whom he claims title, during said 10-year period, shall be conclusive evidence of title to said lands in the plaintiff.”
The plaintiffs moved for a summary judgment and submitted evidence indicating that they were the only persons who had paid taxes on the property for the 10 years preceding the filing of the action and that no one was in actual possession of the property during those 10 years. In oppo *522 sition to the motion for a summary judgment, the defendants submitted evidence establishing that Hudson Hillman, identified in the complaint as the “last owner of record of [the] property,” died intestate in 1946 and was survived by his widow and two sons, Ballard Hillman, Sr., and John L. Hillman. The defendants further submitted evidence establishing that in 1947 Ballard Hillman, Sr., the father of the defendants, acquired all of the interests in all the real property, including the property at issue in this case, that had been owned by Hudson Hillman at the time of his death. The defendants claimed that their father’s interest in the property had passed to them by intestacy.
The trial court entered a judgment finding that the plaintiffs had failed to meet the statutory requirements to quiet title to the property and that the defendants owned the property. In pertinent part, the judgment states:
“It is undisputed that the record titleholder to the Property is Hudson Hill-man. Furthermore, based on the evidence presented, Hudson Hillman died intestate ... and was survived by his widow, Helena Hillman, and sons, [Ballard] Hillman[, Sr.,] and [John L.] Hill-man. Subsequently ... [John L.] Hill-man and his wife conveyed the Property to Ballard 0. Hillman[, Sr.], who later died leaving two surviving children, namely, [the defendants]. Thus, [the defendants] are the record titleholders of the Property.
“The Plaintiffs have admitted and the evidence clearly shows that the Plaintiffs have never had any type of possession of the property, nor have the Plaintiffs produced any evidence denoting a conveyance of the Property to them to establish that they have color of title. Therefore, based on the evidence presented in this case, the Court finds that the Defendants hold superior record title to the Property. Thus, since the Plaintiffs have maintained that they have not occupied the Property, the Defendants have been in constructive possession of the Property.”
The plaintiffs appealed to the supreme court, and, pursuant to § 12-2-7(6), Ala. Code 1975, the supreme court transferred the appeal to this court.
“We review questions of statutory construction and interpretation de novo, giving no deference to the trial court’s conclusions.” Pitts v. Gangi, 896 So.2d 433, 434 (Ala.2004).
On appeal, the plaintiffs argue that the trial court erred because, the plaintiffs say, they produced conclusive evidence establishing their title to the property under § 6 — 6—566(c) of the Grove Act. The plaintiffs argue that they were the only persons who paid taxes on the property for the 10 years preceding the filing of their action. Furthermore, they argue that the defendants neither paid taxes on the property nor exercised “any possession” of the property or any part thereof during the preceding 10 years. The dispositive issue is whether the defendants’ title interest in the property constitutes “any possession” under § 6-6-566(c) and therefore defeats the plaintiffs’ attempt to establish conclusive evidence of title under § 6-6-566(c). The defendants argue that “any possession” under § 6-6-566(c) should be construed to include “constructive possession,” which the defendants claim to have by virtue of their record title to the property. The plaintiffs, on the other hand, argue that “any possession” can only mean “actual possession,” which the defendants did not have.
“The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a *523 statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.”
IMED Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). In ascertaining legislative intent, this court looks to the entire act instead of isolated phrases or clauses. Lambert v. Wilcox County Comm’n, 623 So.2d 727, 729 (Ala.1993).
Although the legislature did not define what “any possession” means under the Grove Act, there appears to be a distinction between the terms “any possession” and “actual possession” as used in the act. Section 6-6-566(a) states that a plaintiff who presents proof of “actual, peaceable possession” of lands can establish conclusive evidence of title under certain circumstances. (Emphasis added.) Section 6-6-560 uses the terms “actual, peaceable possession” and “actual possession.” (Emphasis added.) Having already used the terms “actual possession” and “actual, peaceable possession” in the act, the legislature, had it intended “any possession” to mean “actual possession,” could have simply said “actual possession.” The modifier “any” in “any possession,” used in its natural and plain sense, suggests a definition broader than mere “actual possession.”
Our supreme court has defined various definitions of the word “possession” in the context of whether one is an “owner in possession,” and therefore has a right of redemption of property sold at a tax sale, under § 40-10-83, Ala.Code 1975:
“Possession may be ‘actual,’ ‘constructive,’ ‘scrambling,’ or ‘peaceable.’ Actual possession is possession in fact and exists when the property is in the immediate occupancy of the owner or the owner’s agent. Shannon v. Long, 180 Ala. 128, 60 So. 273 (1912). Constructive possession is possession incident to legal title accompanied by a right to immediate possession. Id. See Giardina v. Williams, 512 So.2d 1312 (Ala.1987). Scrambling possession is disputed or contested possession concerning the actual fact of possession itself. Hinds v. Slack, 293 Ala. 25, 299 So.2d 717 (1974); see Tanner v. Case, 273 Ala. 432, 142 So.2d 688 (1962). Peaceable possession may be either actual or constructive, but such possession is so clear that no one denies it. George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202 (1908).”
State Dep’t of Revenue v. Price-Williams, 594 So.2d 48, 52 (Ala.1992). Given its natural and plain meaning, the term “any possession” includes “constructive possession.” The trial court’s finding that the defendants’ constructive possession of the property precluded the plaintiffs from establishing conclusive evidence of title under § 6-6-566(e) is therefore not in error.
The plaintiffs argue that Moorer v. Macon, 273 Ala. 66, 134 So.2d 181 (1960), stands for the proposition that “any possession” under § 6-6-566(c) does not include “constructive possession.” The ap-pellee in Moorer held title to a disputed lot in a quiet-title action brought under the Grove Act. The appellee “had not, in her own person, done any act of possession on the disputed lot in many years.” 273 Ala. at 69, 134 So.2d at 183-84. Our supreme court held that because the appellee’s husband had regularly gathered pecans from the disputed lot for several years before the filing of the action, the appellee had shown the requisite “any possession” under § 1123, Title 7, Code 1940, the prede *524 cessor of § G-G-fiGGie).[1] 273 Ala. at 73, 134 So.2d at 187. The plaintiffs argue that because the supreme court’s analysis in Moorer focused on whether the appellee’s husband had exercised some sort of physical possession of the disputed lot, “any possession” under the act could not include “constructive possession.” However, the existence of actual possession in Moorer rendered the issue whether constructive possession also existed moot. Therefore, Moorer does not implicitly hold that “any possession” under § 6-6-566(c) does not include “constructive possession.”
The plaintiffs also argue that the trial court’s judgment should be reversed because, they say, the defendants have record title to only one acre of the 3.36 acres of the property. In their complaint and amended complaint, the plaintiffs alleged that Hudson Hillman is the last record owner of the property. The defendants claim to have inherited the property by intestacy. The plaintiffs argue that an examination of Hudson Hillman’s title reveals that he actually owned only one acre of the property. This apparent discrepancy was never raised in an argument to the trial court. “This Court cannot consider arguments raised for the first time on appeal.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
AFFIRMED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. These two provisions are virtually identical.