Rel: June 12, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0336
_____

### Ex parte Howard Ross

## PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS

### (In re: Howard Ross

### v.

### Deborah Whitfield, as personal representative of the estate of Gary T. Whitfield, deceased)

### (Madison Circuit Court: CV-23-900518; Court of Civil Appeals: CL-2024-0343)

MENDHEIM, Justice.

Howard Ross, who is acting pro se, petitioned this Court for a writ of certiorari regarding the Court of Civil Appeals' decision in Ross v. Whitfield, [Ms. CL-2024-0343, Feb. 7, 2025] __ So. 3d __ (Ala. Civ. App. 2025). In Ross, the Court of Civil Appeals affirmed a summary judgment entered by the Madison Circuit Court in favor of Deborah Whitfield, as the personal representative of the estate of Gary T. Whitfield, deceased, regarding the judicial redemption of real property that had been purchased by Ross at a tax sale. We granted the petition and issued the writ to consider an issue of first impression regarding the Court of Civil Appeals' holding as to the effect of the 2009 amendments to the statutes governing ad valorem tax sales, see Act No. 2009-508, Ala. Acts 2009 ("the 2009 amendments"), specifically regarding an owner's possession of property as it relates to (1) the exercise of the right of judicial redemption, a merits issue controlled by Ala. Code 1975, § 40-10-83, and our precedents construing that section, and (2) the meaning and application of the statute of limitations described in Ala. Code 1975, § 40-10-82 ("the short statute of limitations"). We conclude that the Court of Civil Appeals erred in Ross, but we nevertheless affirm the judgment.

The pertinent facts are undisputed. The real property at issue ("the property") is a residential property located in Madison County. Gary purchased the property in August 1980 and apparently resided on the property. He failed to pay the 2018 ad valorem taxes for the property. Thereafter, upon application of Lynda Hall, who was the Madison County Tax Collector, the Madison Probate Court issued a tax-sale decree in March 2019. Hall sold the property to Ross on May 3, 2019, at public sale.

Hall filed a report of the tax sale in the probate court, and, on May 17, 2019, the probate court made an entry confirming the tax sale and ordering the issuance of a certificate of purchase to Ross. Ross received the certificate of purchase from Hall on May 23, 2019, entitling him to possession of the property. See Ala. Code 1975, § 40-10-74; Smith v. Cameron, 393 So. 3d 70, 73 n.3 (Ala. 2023).

Ross immediately took possession of the property and thereafter occupied and made preservation improvements to the property, which he characterized in an affidavit as "continuously and currently maintaining exclusive adverse possession of [the property]." There is no evidence indicating that any person other than Ross exercised possession of the

property after the tax sale. Also, on October 1, 2019, Ross claimed a homestead exemption as part of the ad valorem tax assessment for the property. He paid the ad valorem taxes assessed against the property after the 2018 tax sale, at least through 2022.

On January 21, 2020, Gary, who was 73 years old, died in South Carolina from prostate cancer. He allegedly had moved there in 2018 after receiving his cancer diagnosis.[1] Deborah, who was Gary's niece, initiated the administration of Gary's estate and the probate of his will in the probate court. That court issued letters testamentary to Deborah on August 25, 2020.

On October 7, 2020, Deborah, as the personal representative of Gary's estate and, thus, a purported redemptioner, through counsel, sent Ross a demand for an itemized written statement of all charges and

---

[1]In his postjudgment motion, Ross alleged that Gary had abandoned the property, but he made no argument regarding abandonment before the entry of the judgment in this case. His postjudgment motion was denied by operation of law. A trial court is not required to consider an argument raised for the first time in a postjudgment motion. See Espinoza v. Rudolph, 46 So. 3d 403, 416 (Ala. 2010). And, as in the present case, when "[t]here is no indication that the trial court considered the merits of the legal argument raised for the first time in [the appellants'] postjudgment motion, ... we will not presume that it did." Id.

4

expenses that he claimed he was owed regarding the property. On October 16, 2020, Ross responded to that demand with an itemized written statement. On April 15, 2022, Deborah, through counsel, demanded an updated statement, which Ross likewise provided. However, Deborah did not timely exercise the right to administratively redeem the property pursuant to Ala. Code 1975, § 40-10-120, which provides that property sold for taxes to a purchaser other than the state "may be redeemed at any time within three years from the date of the sale." See also Daugherty v. Rester, 645 So. 2d 1361, 1364 (Ala. 1994).

On May 12, 2023, approximately one year after the right to administrative redemption had lapsed and Ross had become entitled to demand his tax deed, see Ala. Code 1975, § 40-10-29, Deborah, as the personal representative of Gary's estate, filed in the circuit court a verified complaint against Ross. In her complaint, Deborah alleged that she was entitled to judicially redeem the property and that such redemption was not barred by the three-year period described in the short statute of limitations because less than three years had passed since Ross became entitled to demand his tax deed. As an alternative to judicial redemption, Deborah requested that title to the property be

quieted in her pursuant to Ala. Code 1975, § 6-6-540, because, she said, Ross's "title" was obtained through a defective and void tax sale based on lack of notice to or service of process on Gary, an insufficient property description, or other "applicable defect."

On June 30, 2023, Ross filed an answer making certain factual allegations and denying that Deborah was entitled to redeem the property. Specifically, he denied "that the matter [was] timely." According to him, based on the application of the short statute of limitations, "the right of redemption was cut off by adverse possession of the tax purchaser for three years after [he] was entitled to possession." Ross also denied that the tax sale was defective and that Deborah could maintain a claim to quiet title.

On September 1, 2023, Ross filed a motion for a summary judgment, with supporting documents, including an affidavit from himself. Ross argued, in part, that "[h]is exclusive continuous adverse possession of the property" as his residence, and his payment of ad valorem taxes after the tax sale, had "put [Deborah] on notice to protect [her] rights to the property," which, he said, she had failed to timely do. Ross also contended that Deborah's quiet-title claim lacked merit.

6

Deborah also filed a motion for a summary judgment, with supporting documents, arguing that she was entitled to judicially redeem the property. According to Deborah, "[w]hile [Ross] did adversely possess the property, the three-year period for [j]udicial [r]edemption did not begin until [he] was also entitled to demand a tax deed on May 23, 2022. Ala. Code § 40-10-82." She also argued that it was unnecessary for her to have possession of the property to support a claim for judicial redemption, and, in support of her argument, Deborah relied on Justice Mitchell's special writing in Austill v. Prescott, 293 So. 3d 333, 351 (Ala. 2019) (Mitchell, J., concurring in the result in case no. 1170709, joined by Parker, C.J.), and cases discussed therein.

After a hearing, on December 13, 2023, the circuit court entered a judgment stating that Deborah had timely filed her claim for judicial redemption and granting her motion for a summary judgment. The December 2023 judgment directed her to deposit with the Madison Circuit Court Clerk, for payment to Ross, $14,263.20 for improvements and insurance, plus interest, see § 40-10-83(ii), and $15,217.59 for the ad valorem tax payments that Ross had made, which, based on the amount, appears to have included interest, see § 40-10-83(i). The December 2023

7

judgment also directed the Madison County Tax Collector[2] to pay Ross "the bid in excess of taxes owed" that he had paid at the tax sale. See § 40-10-83 (directing a circuit court to determine "the right, if any, … to recover any excess pursuant to [Ala. Code 1975, §] 40-10-28[,] and … [to] direct the payment of the same [by the county treasurer or holder of the excess,] as set forth in [Ala. Code 1975, § 40-10-78(b)]").[3] The December

_____

[2]Hall was no longer in office. Valerie D. Miles was the tax collector in December 2023.

[3]No dispute existed between the parties regarding whether Ross was entitled to the excess payment being held by the Madison County Tax Collector or regarding the amount that was to be returned to him. As a general rule, a damages award must be assessed with specificity and for a sum certain, without resort to facts extraneous to the judgment. See Lord Genesh, Inc. v. Valley Nat'l Bank, 375 So. 3d 1220, 1223 (Ala. 2022). However judicial redemption is equitable in nature, see, e.g., Bell v. Propst, 220 Ala. 641, 643, 127 So. 212, 212 (1930), and this Court has determined that the failure to ascertain an ancillary undisputed amount due, when payment is ordered as required by law, will not preclude finality in a judicial-redemption proceeding. See Moorer v. Chastang, 247 Ala. 676, 680, 26 So. 2d 75, 79 (1946). In Hamilton v. Guardian Tax AL, LLC, 342 So. 3d 172 (Ala. 2021), in which a judgment failed to determine any amount required to redeem the property, much less an ancillary undisputed amount, we distinguished Moorer on that basis and concluded that the judgment under discussion in Hamilton was not final. Id. at 180 n.6. The present case is similar to Moorer, and to conclude that the December 2023 judgment is nonfinal would require revisiting Moorer and essentially overruling it. We have not been asked to do that and are not inclined to do so absent a request and an argument explaining why the principle of stare decisis should not control. See American Bankers Ins. Co. of Fla. v. Tellis, 192 So. 3d 386, 392 n.3 (Ala. 2015).

2023 judgment further stated that, upon payment by Deborah, a deed would issue for the transfer of Ross's interest in the property to Deborah. Contemporaneously with the entry of the December 2023 judgment, the circuit court entered an "Order and Clerk's Deed" addressing the transfer of Ross's interest in the property to Deborah.

Ross filed a postjudgment motion. Ross's postjudgment motion was denied by operation of law. He then filed a timely notice of appeal to the Court of Civil Appeals.

On appeal to the Court of Civil Appeals, Ross argued, as he argues before this Court in the brief in support of his petition, that

> "the right of an owner to redeem real property from tax sale, pursuant to Ala. Code § 40-10-83, [is] cut off by adverse possession by the purchaser for three years from when the purchaser became entitled to possession of the property, pursuant to Ala. Code § 40-10-82 as amended in 2009, rather than when the purchaser became entitled to a deed."

The Court of Civil Appeals issued an opinion rejecting that argument and affirming the December 2023 judgment. Specifically the Court of Civil Appeals held that this Court has eliminated an owner's possession as a requirement for the exercise of the right of judicial redemption, see Ross, __ So. 3d at __ (referencing Gulf Land Co. v. Buzzelli, 501 So. 2d 1211 (Ala. 1987), and certain other precedents addressed infra), and that the

9

short statute of limitations "permits a property owner, regardless of his or her possession of the real property sold at a tax sale, to judicially redeem that property until the expiration of a three-year period after the tax-sale purchaser is entitled to demand a deed," <u>Ross</u>, __ So. 3d at __.

We granted Ross's petition for a writ of certiorari. We apply de novo review when reviewing a summary judgment. <u>Potter v. First Real Est. Co.</u>, 844 So. 2d 540, 545 (Ala. 2002). The pertinent facts are undisputed. We view the evidence in the light most favorable to Ross, and we review questions of law de novo. See <u>Smith v. State Farm Mut. Auto. Ins. Co.</u>, 952 So. 2d 342, 346 (Ala. 2006).

After considering the parties' arguments, the Court of Civil Appeals' opinion in <u>Ross</u>, and pertinent precedents hereinafter discussed, we disagree with the Court of Civil Appeals' rationale,[4] which reflects

---

[4]In part, the Court of Civil Appeals expressed its agreement with Justice Mitchell's special writing in <u>Austill v. Prescott</u>, 293 So. 3d 333 (Ala. 2019). The rationale for the main opinion in <u>Austill</u> (in which only two Justices concurred) was that the merits of Austill's argument (as discussed in the competing special writings) could not be addressed based on the doctrine of res judicata. 293 So. 3d at 341-49. Res judicata is not at issue in this case. Also, neither of the special writings was a majority opinion. Compare 293 So. 3d at 356-64 (Mitchell, J., concurring in the result in case no. 1170709, joined by Parker, C.J.), with <u>id.</u> at 364-78 (Mendheim, J., dissenting in case no. 1170709 and concurring in the result in case no 1170730, joined by Sellers, J., and Stewart, J.).

10

that Court's confusion regarding the distinction between the merits requirements for judicial redemption under § 40-10-83 -- a failure-to-state-a-claim issue -- and the application of the short statute of limitations -- a time-bar that establishes the pertinent period when an action may or must be commenced, regardless of whether the action has merit. To appreciate how the Court of Civil Appeals erred in Ross, and why Ross's argument nevertheless fails, we must begin with a proper understanding of the right of judicial redemption.

### I.  Judicial Redemption and § 40-10-83

The right to judicial redemption was created by the legislature. Thus, we must begin with principles governing the review of a statute and the language of the statute itself.

> "'"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."'

"Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So. 2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992)). Furthermore, '"'[t]here is a presumption that every word, sentence, or provision [of a statute] was intended for some useful purpose,

11

has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.'"' Richardson v. Stanford Props., LLC, 897 So. 2d 1052, 1058 (Ala. 2004) (quoting Sheffield v. State, 708 So. 2d 899, 909 (Ala. Crim. App. 1997), quoting in turn 82 C.J.S. Statutes § 316, at 551-52 (1953))."

Deutsche Bank Nat'l Tr. Co. v. Walker Cnty., 292 So. 3d 317, 325-26 (Ala. 2019).

What came to be referred to as judicial redemption is provided for in § 40-10-83, which states, in pertinent part:

"[W]hen the action is against the person for whom the taxes were assessed or the owner of the land at the time of the sale for taxes delinquent before January 1, 2020, his or her heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain [particular amounts to be paid by the redeeming party]. ... Upon such determination the court shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."

See Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 520, 25 So. 2d 257, 259 (1946) (noting that the described right has been treated as "redemption," in equity, though that term is not used in the statutory language).

By its plain language, § 40-10-83 imposes three conditions on the exercise of the right of judicial redemption that are distinct from the determination of the redemption amount ("the three statutory conditions"):

(1) the initiation of an action in which the right to judicial redemption may be exercised;

(2) the owner or redeeming party is the defendant in that action;[5]

(3) the owner or redeeming party files a motion at any time before the trial of the action requesting that the trial court ascertain the amounts to be paid for redemption.[6]

---

[5]The right to judicial redemption, which may be exercised in various types of actions (e.g., ejectment and quiet-title actions) provided the conditions for its exercise are satisfied, must not be confused with the later articulated judicial-redemption action, which authorized an owner in possession -- who was considered to be in the nature of a defendant for purposes of protecting his possession of the property -- to initiate an action for purposes of judicial redemption. See, e.g., Bell v. Propst, 220 Ala. 641, 642-43, 127 So. 212, 212-13 (1930); Moorer v. Chastang, 247 Ala. 676, 679-80, 26 So. 2d 75, 78 (1946); and precedents discussed infra; see also note7, infra.

[6]The motion for redemption is essentially an admission of the validity of the tax sale and tax deed by the defendant owner or redeeming party for purposes of exercising the right of judicial redemption and regaining title to the property. See, e.g., Green v. Stephens, 198 Ala. 325, 326-27, 73 So. 532, 533 (1916). An owner or his or her successor in interest, regardless of whether the owner or successor in interest is in possession of the property, also might pursue a claim challenging the validity of the tax sale, and other statutory provisions address the conditions for reimbursement of the tax-sale purchaser in the event the

As discussed infra, our precedents reflect that the three statutory conditions may be understood in light of an implied condition for the exercise of the right of judicial redemption, namely that the owner or redeeming party is in possession (actual, constructive, or scrambling) of the property.[7] The reason for our conclusion may be illustrated, in part, by comparing judicial redemption with administrative redemption.

_____

tax sale is declared to be invalid, which obviates any need for judicial redemption. See Ala. Code 1975, § 40-10-70 et seq.

[7]An owner or redeeming party's actual or constructive possession of the property will support the owner or redeeming party's filing of a quiet-title action. We have held that, for purposes of such a quiet-title action, the owner or redeeming party in possession may be considered to be in the nature of a defendant because an ejectment action by the tax-sale purchaser would be necessary to deprive the owner or redeeming party of the possession the owner is attempting to protect. See, e.g., Bell v. Propst, 220 Ala. 641, 643, 127 So. 212, 212 (1930), discussed infra. An owner or redeeming party's scrambling possession will not support a quiet-title action by the owner or redeeming party. Bell, 220 Ala. at 643, 127 So. at 212-213. However, based on this Court's recognition that § 40-10-83 was intended to protect the interests of an owner or redeeming party who was in possession of the property, this Court concluded that that section also authorized a stand-alone, judicial-redemption action (which we analogized to a quiet-title action) so that an owner with mere scrambling possession of the property might, like an owner or redeeming partying having actual or constructive possession, exercise the right of judicial redemption. See, e.g., Bell and precedents discussed infra.

"'Actual possession, or possession in fact, exists when the [property] is in the immediate occupancy of the party, or his agent or tenant.'"

14

As noted above, there are two types of redemption applicable after an ad valorem tax sale, administrative redemption and what eventually was called judicial redemption. Administrative redemption existed long before judicial redemption. When judicial redemption was created, exercise of the right of administrative redemption was limited to the

---

Southern Ry. Co. v. Hall, 145 Ala. 224, 226, 41 So. 135, 136 (1906) (quoting 28 Am. & Eng. Ency. Law (2d ed.) 238).

"'Constructive possession … is that possession which the law annexes to the legal title or ownership of property, when there is a right to the immediate actual possession of such property, but no actual possession.' [28 Am. & Eng. Ency. Law (2d Ed.)] 239." Southern Ry. Co., 145 Ala. at 226, 41 So. at 136. "'When one has a legal estate in fee in land, he has the constructive possession, unless there is an actual possession in some one else.'" Southern Ry. Co., 145 Ala. at 227, 41 So. at 136 (quoting 28 Am. & Eng. Ency. Law (2d ed.) 239); see also Hinds v. Slack, 293 Ala. 25, 28, 299 So. 2d 717, 719 (1974). Constructive possession "is particularly apt in cases involving wild, unimproved land. 'When the land has never been occupied in a true sense, the possession is constructive and follows the title, since no one is in the actual possession.' Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So. 2d 411 [(1943)]." State ex rel. Gallion v. Graham, 273 Ala. 634, 637-38, 143 So. 2d 810, 812-13 (1962).

Scrambling possession exists when "[b]oth parties are claiming actual possession or are 'scrambling' for it." Hinds, 293 Ala. at 29, 299 So. 2d at 720; see also Southern Ry. Co., 145 Ala. at 226, 41 So. at 136; Hinds, 293 Ala. at 29, 299 So. 2d at 720 ("[A] 'disputed, hostile or scrambling' possession, which will not support a bill to quiet title," exists where "[b]oth parties are claiming actual possession or are 'scrambling' for it.").

15

period before the tax-sale purchaser was entitled to demand a tax deed, as it is likewise limited under § 40-10-120. See Ala. Code 1907, § 2313 and § 2296. Further, this Court has held that, in order to exercise the right of administrative redemption, an owner or other qualified redemptioner was not required to be in possession of the property. See Farmer v. Hill, 240 Ala. 416, 418, 199 So. 820, 822 (1941). Administrative redemption was and is an administrative proceeding facilitated through the probate judge; no allegations or proof of an underlying cause of action is involved.

Judicial redemption, i.e., redemption pursued within an action and ending in a judgment, was first provided for in Ala. Code 1907, § 2312. A comparison of § 2313 and § 2312 will be helpful. Section 2313 (administrative redemption) stated, in pertinent part:

> "Real estate sold for taxes and bid off by the state may be redeemed at any time before the title passes out of the state, or if purchased by any other purchaser, may be redeemed at any time within two years from the date of the sale, by the owner [or] his heirs …."

Section 2314, Ala. Code 1907, discussed the redemption amount to be deposited with the probate judge by the owner or redeeming party in order to rescind the tax sale to the tax-sale purchaser.

16

Section 2312 (judicial redemption) stated:

"When the suit is against the person against whom the taxes were assessed, or the owner of the land at the time of the sale [or] his heir … the court shall, on motion of the defendant, made at any time before the day set for trial of the cause, ascertain the amount paid by the purchaser at the sale [discussion of amounts to be paid by redeeming party omitted], and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land and all title and interest in the land shall, by such judgment, be divested out of the owner of the tax deed."

Thus, the three statutory conditions for the exercise of the right of judicial redemption have remained essentially unchanged from the time that right was created.

The language used in § 2312 (judicial redemption) did not resemble, in the least, the straightforward language of § 2313 and § 2314 (administrative redemption); that distinction has not changed in the current statutes governing those respective redemption rights. Section 2312 stated nothing like "an owner may bring suit to judicially redeem the property" or an owner may judicially redeem property "in any action." Nor would such a provision have created a redemption right that was meaningfully distinguishable from administrative redemption. The

17

commonsense solution to effectuate that result would have been to simply extend the time for administrative redemption and possibly provide some qualifying language in the tax deed rather than to create a separate redemption right. Thus, rather than conclude that that the three statutory conditions were irrelevant to the exercise of the right of judicial redemption, we discerned that the key to understanding them was the owner's or redeeming party's possession of the property in relation to the action at issue.[8] See, e.g., Green v. Stephens, 198 Ala. 325, 326, 73 So. 532, 533 (1916) (involving an ejectment action against the owner in possession).

For example, in Bell v. Propst, 220 Ala. 641, 127 So. 212 (1930), an owner who alleged that he was in possession of the property initiated a

---

[8]Because of the three statutory conditions imposed by the legislature on the exercise of the right of judicial redemption, understanding judicial redemption and our precedents requires (1) keeping in mind what the issue is that this Court is actually deciding and (2) accounting for the posture of the action at issue, including (i) what position the parties are in, (ii) what claims in law or in equity each is alleging, (iii) what the elements are for those claims, (iv) and how possession relates to the parties, the elements of the claims, and the respective parties' burdens, including what character of possession a party must have in order to establish a particular claim or to defend against a particular claim.

quiet-title action against the tax-sale purchaser. The tax-sale purchaser filed a counterclaim seeking to quiet title, and the owner sought to exercise the right of judicial redemption.[9] The property at issue was a woodland that included coal deposits, and the evidence reflected that all but a small part of the property was in the actual or constructive possession of the owner or those claiming under the owner. After the trial court entered a judgment allowing judicial redemption, the tax-sale purchaser appealed. This Court stated:

> "[The tax-sale purchaser] claims that the suit is not of such nature as to make the right of redemption declared by [Ala. Code 1923, § 3108 (formerly, § 2312, now § 40-10-83)] applicable. It will be noted that it is applicable 'when the suit is against the person against whom the taxes were assessed, or the owner of the land at the time of the sale.' It is not dependent upon the invalidity of the tax sale. Green v. Stephens, 198 Ala. 325, 73 So. 532 [(1916)]. In that case it was held, however, to be conditioned upon the owner of the land remaining in possession. We take this to mean such

---

[9]An owner-in-possession's use of a quiet-title action to provoke a response that, in effect, placed him or her in a position like that of a defendant in an ejectment action was not new. See Whittaker v. Van Hoose, 157 Ala. 286, 289, 47 So. 741, 741 (1908) (The right to file a quiet-title action is "given to the party in peaceable possession, who is presumed to be the owner of the land, to force the other party to show whether his claim is valid. It was within the power of the respondent, if he had desired so to do, to bring an action of ejectment, and thus bring up an adjudication of the title, but he cannot refuse to bring his action at law, and then, when cited to show his title under the [quiet-title] statute, throw himself back upon the defects in the title of the complainant.").

possession as that the [tax-sale] purchaser must sue for its recovery in order for him to gain its possession. But it was held by this court that the owner in possession need not wait until the [tax-sale] purchaser sues him, but may institute a suit to quiet the title or remove a cloud, and exercise this right of redemption. Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794 [(1921)]. To justify a suit in equity to exercise this right, the [owner] must have such possession as will require some nature of suit by the purchaser at tax sale to recover it of him. It need not be that peaceable possession which will justify a statutory bill to quiet the title. For if the original owner be and remain in such possession as that it will require some nature of suit to oust him, though his possession be a scrambling one, he need not wait to be sued to stimulate an exercise of the right conferred by section 3108, but may, as was done in Georgia L. & T. Co. v. Washington Realty Co., supra, institute a suit in equity to enforce the right. Of course he could not, as the decree in this case stated, have the statutory relief to quiet the title unless he had peaceable possession. But if he is in possession and the [tax-sale] purchaser is scrambling with him as to its retention, such situation should not deprive him of this right to file a bill for an exercise of this right of redemption whether it deprives him of relief under the statute to quiet the title or not."

Bell, 220 Ala. at 642-43, 127 So. at 212-13;[10] see also Burdett v. Rossiter, 220 Ala. 631, 127 So. 202 (1930) (requiring that possession be proven in

---

[10]In Bell this Court did not ignore the allegation that the owner was not in actual possession of a small tract within the land at issue. We noted, however, that the owner in possession had leased the entire property to a third party for the purpose of coal mining and the mine operator was actively mining under the lease,

order to exercise the right of judicial redemption, even when the owner was a defendant in the tax-sale purchaser's quiet-title action and had filed a counterclaim to quiet title).

In Moorer v. Chastang, 247 Ala. 676, 26 So. 2d 75 (1946), the owners in possession filed a bill to quiet title for the purpose of exercising the right of judicial redemption. This Court stated that

"[t]he proceeding is designed to allow one in possession of lands, who comes within one of the classes set forth in the [judicial-redemption] statute, to clear the title of any adverse claim arising out of a sale of the property for taxes. And he need not wait for the holder of the tax title to sue in ejectment.
…

"We think it is obvious that in order to entitle the complainant to the relief sought in this peculiar statutory proceeding, there are certain primary requisites. First

---

"[s]o that to that extent [the owner] was in possession, though this tax sale purchaser had also assumed control and possession of a small part of the land by fencing it, and renting it for a pasture for $1 per month. In order to obtain possession of the mines, [the tax-sale purchaser] would have been forced to a suit. He did this in his cross-bill. He thereby began a proceeding which justified an enforcement of the right of redemption under section 3108. This right of redemption was claimed by complainants in an amendment to their bill and in their answer to the cross-bill of the tax sale purchaser setting up his tax deed and praying that his title be quieted and for general relief."

220 Ala. at 643, 127 So. at 213.

21

> possession of the land by the complainant within the meaning of the statute. ... Second membership by the complainant in a class of those allowed under the statute to redeem. Third a claim to the land by the respondent under a tax title or proceeding. Fourth no suit pending to enforce or test respondent's claim. If these primary requisites are present, then the case can proceed to a determination of the amount necessary to redeem, the payment thereof to the holder of the tax claim or title and a decree quieting the title of complainant."

247 Ala. at 679-80, 26 So. 2d at 78. Thus, using the previously adopted quiet-title framework (i.e., when the owner-in-possession, as a plaintiff, might be considered to be in the nature of a defendant for purposes of ejectment), this Court articulated the elements of what eventually became a stand-alone judicial-redemption action, the first element being "possession of the land by the [owner]" or redeeming party. Id.; see, e.g., Belcher v. McGinty, 251 Ala. 342, 344, 37 So. 2d 430, 432 (1948) (citing Moorer and applying the four elements); Alabama Pecan Dev. Co. v. Case, 266 Ala. 471, 474, 97 So. 2d 537, 539 (1957) (to same effect); Stallworth v. First Nat'l Bank of Mobile, 432 So. 2d 1222, 1224 (Ala. 1983) (to same effect); State Dep't of Revenue v. Price-Williams, 594 So. 2d 48, 52 (Ala. 1992) (to same effect); Hamilton v. Guardian Tax AL, LLC, 342 So. 3d 172, 182 (Ala. 2021) (to same effect); Morrison v. May, 393 So. 3d 450, 457 (Ala. 2023) (to same effect). Indeed, in the context of unimproved

22

land "in a wild state," we concluded that a tax-sale purchaser must exercise possession "resembl[ing] that sort of possession which is sufficient for the acquisition of title by adverse possession" in order to deprive an owner or redeeming party of the possession that would support the exercise of the right of judicial redemption. Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 659-60, 15 So. 2d 411, 414 (1943); id. at 661, 15 So. 2d at 415 ("We do not think that the tax purchaser ever took such possession of the six hundred acres as to deprive the owner taxpayer of the nature of possession sufficient to justify a suit to redeem under section 3108, Code of 1923.").

After the 1935 amendments to the tax-sale statutes, which are reflected in Ala. Code 1940, tit. 51, § 249 et seq., this Court continued to acknowledge the possession requirement. Those amendments made no substantive change to what eventually became Ala. Code 1940, tit. 51, § 296, (now § 40-10-83), and this Court continued to treat the owner's possession of the property as paramount to the exercise of the right of judicial redemption. See, e.g., Bobo v. Edwards Realty Co., 250 Ala. 344, 346, 34 So. 2d 165, 167 (1947) ("[F]or the remedy under the statute to be available it is essential that the [owner] taxpayer's possession be such as

23

to require a suit at law against him for recovery of possession."); Singley v. Dempsey, 252 Ala. 677, 684, 42 So. 2d 609, 615 (1949) ( "The primary requisites to entitle one to relief under § 296, Title 51, are (1) possession of the land by the [owner] complainant within the meaning of the statute ...."); Alabama Pecan Dev. Co., 266 Ala. at 475, 97 So. 2d at 540 (relying on Bobo regarding "[t]hose principles governing the requisite possession to maintain the [owner's successor in interest's] right to redeem"); see also O'Connor v. Rabren, 373 So. 2d 302, 306 (Ala. 1979) ("Without possession, the O'Connors have no right to redeem under [§] 40-10-83.").[11]

_____

[11]See also Ervin v. Amerigas Propane, Inc., 674 So. 2d 543 (Ala. Civ. App. 1995). The Ervins engaged in a self-help ejectment after they obtained a tax deed. Amerigas contended that it had remained in continuous and uninterrupted possession of the property, maintaining and operating propane-gas tanks there on a daily basis from September 1989 until June 1994, when the Ervins replaced the locks, thereby denying it entry, 674 So. 2d at 544, after which Amerigas promptly commenced its action. In light of the nature of the property at issue in Ervin and the Ervins' actions, Amerigas had sufficient scrambling or contested possession when the action was commenced to exercise the right of judicial redemption. Cf. Tensaw Land Co. v. Rivers, 244 Ala. 657, 660, 15 So. 2d 411, 414-15 (1943) ("We think under the evidence in this case appellant and his predecessors certainly at one time had actual possession under their title and continued in such possession as to require an action against them to recover it. ... If it remained in the same sort of possession as before the tax sale the tax purchaser would not be justified in seizing it. A suit to oust one in constructive possession when no one is in actual possession is as necessary as a suit against one in the actual possession.").

The legislature has amended the judicial-redemption statute after 1935 but has not changed the three statutory conditions for the exercise of the right of judicial redemption or indicated that this Court has misinterpreted § 40-10-83 as requiring an owner or redeeming party to be in possession at a time pertinent to the action in which he or she attempts to exercise of the right of judicial redemption.[12] And, consistent with the above-referenced precedents, this Court has continued to reference the necessity of an owner's possession to the exercise of the right of judicial redemption, both (1) when the owner or redeeming party was the plaintiff in the action, see State Dep't of Revenue, 594 So. 2d at 52 (discussing the possession requirement for purposes of § 40-10-83 and noting that the evidence supported the trial court's conclusion "that the Price-Williamses' possession of the property fell within the meaning of the statute"); Karagan v. Bryant, 516 So. 2d 599, 601 (Ala. 1987)

---

[12]The most recent amendments to § 40-10-83 are a 2009 amendment, which provided limits applicable to the determination of certain redemption amounts and added a provision regarding the disposition of any excess that had been paid by the tax-sale purchaser at the tax sale,  see Act No. 2009-508, Ala. Acts 2009, and a 2018 amendment changing the applicable interest rate to be applied when judicial redemption is allowed, see Act No. 2018-494, Ala. Acts 2018.

(declining to decide whether Vincent J. Greger, who suffered from dementia, had remained in actual or constructive possession after he was taken to the hospital and placed in a nursing home and stating, in response to the tax-sale purchaser's argument that possession was lacking, that Greger "should be deemed to have retained at least a scrambling possession with [the tax-sale purchaser Phillip P.] Karagan until the filing of this suit");[13] Stallworth, 432 So. 2d at 1224 (referencing

_____

[13]The Karagan Court also stated that "the question of whether [Greger] was in possession at the time he filed suit is immaterial under the rule of Gulf Land Co.[v. Buzzelli, 501 So. 2d 1211 (Ala. 1987),] that the owner's right of action is not extinguished until the tax[-sale] purchaser has retained adverse possession for three years, or the owner's claim of redemption was barred by the rule of repose." 516 So. 2d at 601. However, that statement must be understood in context. The issue under consideration in Karagan was how the right to initiate a judicial-redemption action could be "cut off" by the application of the short statute of limitations, which is a distinct issue from the elements necessary to exercise the right of judicial redemption. Id. (noting that the three-year period of the short statute of limitations did not begin to run against the owner "until the [tax-sale] purchaser goes into possession" of the property and that "three years of adverse possession by the tax[-sale] purchaser" will terminate the right to judicial redemption under § 40-10-83, see short-statute-of-limitations discussion, infra, regarding adverse possession). And the Karagan Court was referencing the short-statute-of-limitations discussion in Gulf Land Co. v. Buzzelli, 501 So. 2d 1211 (Ala. 1987), not Gulf Land's discussion of the merits requirements under § 40-10-83, as to which Gulf Land is consistent with our precedents requiring an owner or redeeming party to be in possession at a time relevant to the action -- constructive possession when the action was commenced in that case, 501 So. 2d at 1213 ("Gulf did not begin its acts

26

§ 40-10-83 and stating that, "[i]n order for plaintiff to obtain relief under this redemption statute, there are certain primary requisites: first, possession of the land by the plaintiff within the meaning of the statute"); O'Connor, 373 So. 2d at 306 ("Without possession, the O'Connors have no right to redeem under § 40-10-83."), and (2) when the owner or redeeming party was the defendant in an action commenced by the tax-sale purchaser, see Morrison, 393 So. 3d at 457 (stating that possession of the land by the redeeming party is a requirement to exercise the right of judicial redemption under § 40-10-83); Hamilton, 342 So. 3d at 182

---

of possession until after it had filed its complaint."); see also id. ("We have stated many times that the purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling, and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser." (citing Stallworth v. First Nat'l Bank of Mobile, 432 So. 2d 1222 (Ala. 1983), and O'Connor v. Rabren, 373 So. 2d 302 (Ala. 1979), among other precedents)).

Further, this Court did not subsequently read Karagan as abrogating the possession requirement for purposes of § 40-10-83. A few years later in State Department of Revenue v. Price-Williams, 594 So. 2d 48 (Ala. 1992), we referenced Karagan in the midst of addressing an argument regarding the possession requirement under § 40-10-83, stating: "See Karagan v. Bryant, 516 So. 2d 599 (Ala. 1987) (owner in possession does not have to wait to be sued, but may bring an original bill to quiet title)." 594 So. 2d at 52.

(stating the same); <u>Giardina v. Williams</u>, 512 So. 2d 1312, 1314 (Ala. 1987) (stating that the purpose of § 40-10-83 is to preserve the right of judicial redemption "if the owner has retained possession" and that, "[w]here there is no real occupancy of the land, constructive possession follows the title of the original owner and can be cut off only by the adverse possession of the tax[-sale] purchaser"); <u>Gulf Land Co.</u>, 501 So. 2d at 1213 (indicating that Margaret Buzzelli had constructive possession of the property when Gulf Land initiated its action against her and citing <u>Stallworth</u> and <u>O'Connor</u>, among other precedents, with approval).

This Court also has indicated that an owner or redeeming party who does not have possession of the property may lawfully regain possession within the period of the short statute of limitations and exercise the right of judicial redemption. See <u>O'Connor</u>, 373 So. 2d at 306 ("[T]he original owner may not assert the right to redeem under § 40-10-83 by wrongful reentry to regain possession."); <u>Bobo</u>, 250 Ala. at 347, 34 So. 2d at 168 ("This [judicial-]redemption statute does not necessarily exclude an owner who has relinquished possession and afterwards regained it. But we do not think the remedy under [Ala. Code 1940,] §

28

296 [now § 40-10-83] could apply to situations where the possession had been wrongfully regained as one which justified an action of forcible entry and detainer, as where the taxpayer [owner] after giving up possession reentered and became a trespasser on the property, or where he had surrendered possession and later had reasserted possession wrongfully or tortiously, such as described in Fleming v. Moore, 122 Ala. 399, 26 So. 174 [(1899)], and Standard Contractors Supply Co. v. Scotch, [247 Ala. 517, 520, 25 So. 2d 257, 259 (1946)]; or where the taxpayer or his successor in title had lost the right by the intervening adverse occupancy of the tax title claimant for the prescriptive period of the statute (short statute of limitations, [Ala. Code 1940,] § 295).").

In Reese v. Robinson, 523 So. 2d 398 (Ala. 1988), and Southside Community Development Corp. v. White, 10 So. 3d 990 (Ala. 2008), which addressed quiet-title actions commenced by the tax-sale purchasers against the owners or redeeming parties and which involved questions regarding the application of the short statute of limitations, this Court indicated that the right of judicial redemption is not "cut off," i.e., extinguished, in the absence of adverse possession by the tax-sale purchaser for three years. See discussion, infra, regarding the operation

29

of a statute of limitations in relation to adverse possession. Those two cases, which involved limited factual discussions in relation to the owner's possession and any attempt to exercise the right of judicial redemption, might be read as allowing an owner or redeeming party named as a defendant to exercise the right to judicial redemption, regardless of his or her possession, when the three statutory conditions in § 40-10-83 are satisfied.[14]  However, in light of the limited factual

[14]In Southside, this Court cited McGuire v. Rogers, 794 So. 2d 1131, 1136 (Ala. Civ. App. 2000), which reflects the Court of Civil Appeals' misreading of our precedents, particularly Reese.  See Southside, 10 So. 3d at 992 ("See also McGuire v. Rogers,794 So. 2d 1131, 1136 (Ala. Civ. App. 2000) ('[The] Supreme Court [of Alabama] has applied the rule in Gulf Land [Co. v. Buzzelli, 501 So. 2d 1211 (Ala. 1987),] to require the purchasers of a tax deed to show that they have maintained continuous adverse possession of the tax-sale property for three years to defeat a right of redemption under 40-10-83 without regard to possession by the redemptioner.' (citing Reese, 523 So. 2d at 398))."). The language from McGuire "'without regard to possession by the redemptioner'" does not appear in Reese, and the entire parenthetical is a tautology in the context of adverse possession.  The erroneous language from McGuire also appears in Austill v. Prescott, 293 So. 3d 333 (Ala. 2019), in the main opinion's quoting of a party's argument, 293 So. 3d at 338; in Justice Mitchell's special writing, 293 So. 3d at 363; in the dissent pointing out the Court of Civil Appeals' misreading of Reese, 293 So. 3d at 376 (Mendheim, J., dissenting in case no. 1170709 and concurring in the result in case no. 1170730) ; and in Ross, __ So. 3d at __, which relied on McGuire in support of its rationale.  In any event, Southside did not involve a stand-alone judicial-redemption action or quiet-title action commenced by the owner or redeeming party, which is what is at issue in the present case.

30

discussions and analysis in <u>Reese</u> and <u>Southside</u>, it is not clear that this Court intended to <u>sub silentio</u> overrule earlier cases to the contrary, see, e.g., <u>Burdett</u>, supra, particularly because, after the decisions in <u>Reese</u> and <u>Southside</u>, we have continued to rely on our earlier precedents and have stated, in cases in which the owner or redeeming party was a defendant, that an owner or redeeming party's possession is a requirement to exercise the right of judicial redemption.  See <u>Morrison</u>, supra; <u>Hamilton</u>, 42 So. 3d at 182 (quoting <u>State Dep't of Revenue</u>, 594 So. 2d at 52, citing, in turn <u>Moorer</u>, 247 Ala. at 679, 26 So. 2d at 78).[15] Nevertheless, we need not address that issue in the present case.

---

[15]As noted in the dissent in <u>Austill v. Prescott</u>, 293 So. 3d 333 (Ala. 2019), "articles discussing Alabama's property-redemption law published after <u>Southside</u> have continued to interpret our cases as stating that an owner must retain possession in order to invoke judicial redemption." 293 So. 3d at 377 n.37 (Mendheim, J., dissenting in case no. 1170709 and concurring in the result in case no. 1170730) (citing William S. Hereford, <u>Reducing Alabama State-Owned, Tax-Delinquent Properties</u>, 48 Cumb. L. Rev. 213, 225 (2018); Andrew S. Olds, <u>Saving Alabama's Urban Neighborhoods: Revisions to Alabama's Property Tax Sale Laws</u>, 44 Cumb. L. Rev. 497, 508-09 (2014); and Gary E. Sullivan, <u>Alabama Tax Certificate Investors Beware: Negotiating Through the Labyrinth of, and Important Limitations to Recovering Money in, the Redemption Process</u>, 73 Ala. Law. 416, 418 (2012).

Deborah was not a defendant in an action commenced by Ross; she did not satisfy the three statutory conditions.

What is clear is that, contrary to the rationale in <u>Ross</u>, this Court has not (1) approved a new type of judicial-redemption action that may be initiated by an owner or redeeming party who is not in possession of the property, which would require overruling the numerous and long-standing precedents discussed above, or (2) concluded that we may ignore the three statutory conditions for the exercise of the right of judicial redemption -- which were not affected by the 2009 amendments -- such that judicial redemption is, in effect, simply administrative redemption by another name. See <u>Heard v. Gunn</u>, 262 Ala. 283, 285, 78 So. 2d 313, 314 (1955) (noting that an owner or redeeming party's possession of the property is a requirement for judicial redemption and that judicial redemption "is not an extension of the time in which a statutory redemption may be had"). The Court of Civil Appeals' pronouncement in <u>Ross</u> that possession is irrelevant to the exercise of the right of judicial redemption reflects a misreading of our precedents, see note 8, supra, and, in addressing Ross's argument, that court confused the issue of the merits requirements for judicial redemption under § 40-10-83 -- a failure-

32

to-state-a-claim issue -- with the meaning and application of the short

statute of limitations -- a time-bar that establishes the pertinent period

when an action may or must be commenced, regardless of whether the

action has merit, which we may now address.

As noted above, Ross argues that

"the right of an owner to redeem real property from tax sale, pursuant to Ala. Code § 40-10-83, [is] cut off by adverse possession by the purchaser for three years from when the purchaser became entitled to possession of the property, pursuant to Ala. Code § 40-10-82 as amended in 2009, rather than when the purchaser became entitled to a deed."

This argument is not a failure-to-state-a-claim argument based on our

precedents applying § 40-10-83 but is simply an argument regarding the

application of the short statute of limitations. And fundamentally, Ross's

argument reflects a misunderstanding of the law governing statutes of

limitations and adverse possession and the 2009 amendment to the short

statute of limitations.

## II. Statutes of Limitations, Adverse Possession, and the Short Statute of Limitations

Generally, a statute of limitations is a time-based bar, an

affirmative defense, to the prosecution of an action. The full running of

the limitations period does not extinguish the underlying right but

33

merely bars the further prosecution of the action, which may or may not otherwise have merit. See Ex parte HealthSouth Corp., 974 So. 2d 288, 296 (Ala. 2007) ("When the statute of limitations expires, it does not extinguish the cause of action; instead, it makes the remedy unavailable."); see also, e.g., Hinote v. Owens, 248 So. 3d 964, 967 (Ala. 2017).

There are two points of time that are pertinent to the application of a statute of limitations as a time-bar defense to an action, namely, when the cause of action accrues or comes into existence, at which point the period of limitations normally begins to run, and when the period of limitations has fully run, at which time the affirmative defense may become effective to bar further prosecution, assuming that defense has been pleaded and not waived. See Chandiwala v. Pate Constr. Co., 889 So. 2d 540, 543 (Ala. 2004) ( "The statute of limitations on a claim begins to run when the cause of action accrues. ... A cause of action accrues as soon as the claimant is entitled to maintain an action.").

In addition to the normal operation of a statute of limitations as merely a time bar, such a statute also may play a role in the actual divestment of an opposing party's title or property right -- or the

establishment of the claimant's title or property right -- when adverse-possession is at issue. For purposes of such an adverse-possession claim, the statute of limitations "operates as to both [the remedy and the right]," which means not only that a party's hostile or adverse possession against the other party commences the limitations period, but also that the full running of the limitations period extinguishes the opposing party's "right of recovery by vesting such right in [the claimant] by adverse possession." Rowe v. Bonneau-Jeter Hardware Co., 245 Ala. 326, 332, 16 So. 2d 689, 694 (1943). In other words, the adverse possessor's possession for the required period serves to divest the opposing party of his or her title or rights in relation to the property while also establishing the adverse possessor's title or right, when necessary. 245 Ala. at 332, 16 So. 2d at 694; see also, e.g., Tensaw Land, 244 Ala. at 659-60, 15 So. 2d at 414 (This Court discussed judicial redemption in the context of "wholly unimproved" land, "in a wild state," and in which "the question [was] not specifically whether the purchaser at the tax sale or the taxpayer [owner] acquired title after the sale by adverse possession. The legal effect of that sale is not here questioned. But it is whether the right to redeem by the owner … has been cut off … by reason of the possession of such tax[-sale]

35

purchaser. So that the issue as to possession by the tax[-sale] purchaser resembles that sort of possession which is sufficient for the acquisition of title by adverse possession."); <u>Almon v. Champion Int'l Corp.</u>, 349 So. 2d 15, 17 (Ala. 1977) ("[T]he legislature has provided a beacon light by which the purchaser at a tax sale can be assured he has found a 'safe harbour.' This it does through the special short statute of limitations which enables the purchaser, who enters into adverse possession for a period of three years, to acquire good title without regard to the deficiencies underlying the proceedings."); <u>Odom v. Averett</u>, 248 Ala. 289, 292, 27 So. 2d 479, 481 (1946) ("Although the tax deed was invalid it gave color of title and possession held under it is adverse" for purposes of establishing the tax-sale purchaser's title by adverse possession.).

Our cases have not always been precise when discussing the concept of adverse possession in the context of the exercise of the right of judicial redemption, but we have clearly acknowledged the important distinction between (1) the issue of possession that has the character of adverse possession, which is necessary to begin the running of the short statute of limitations in favor of a tax-sale purchaser and against an owner in any action by the tax-sale purchaser, and (2) the necessity of

satisfying the elements of an adverse-possession claim, when necessary

to divest the owner or redeeming party of any right in the property.  The

first sentence of the short statute of limitation states:  "No action for the

recovery of real estate sold for the payment of taxes shall lie unless the

same is brought within three years from the date when the purchaser

became entitled to demand a deed therefor."  § 40-10-82.  Although that

sentence makes no reference to possession, this Court has long held that

> "the date on which the purchaser is entitled to demand a deed
> is not alone determinative of the time when [the short statute
> of limitations] begins to run.  It cannot begin to run before
> that time, but it does not necessarily begin to run on that date
> unless the purchaser is then in actual adverse possession of
> the property."

Singley, 252 Ala. at 681, 42 So. 2d at 612; see also, e.g., Rabren v. Osmon,

613 So. 2d 390, 391 (Ala. 1993) ("'The "short period" begins to run when

the purchaser is entitled to demand a tax deed and is in adverse

possession of the land.'" (quoting Hand v. Stanard, 392 So. 2d 1157, 1160

(Ala. 1980)); Merchants Nat'l Bank of Mobile v. Lott, 255 Ala. 133, 135,

50 So. 2d 406, 407 (1951) ("[T]he statute does not begin to run until

possession of the land is taken.").  In light of the fact that an owner who

has lost possession of the property might lawfully regain it within the

limitations period, however, see discussion, supra, we have held that the

37

short statute of limitations will extinguish or divest the redemption right under § 40-10-83 only "if the tax[-sale] purchaser is in continuous adverse possession for three years following the date he is entitled to a tax deed." O'Connor, 373 So. 2d at 307.

In Singley, this Court stated that,

"in order for appellant's right of redemption under § 296, Title 51, Code 1940 [now § 40-10-83], to have been cut off by virtue of the provisions of [the short statute of limitations], it must appear that ... appellee was in the actual adverse possession of the land for a period of three years....

"....

"The primary requisites to entitle one to relief under § 296, Title 51, are (1) possession of the land by the complainant within the meaning of the statute; (2) membership by the complainant in a class of those allowed under the statute to redeem; (3) a claim to the land by the respondent under a tax title or proceeding; (4) no suit pending to enforce or test respondent's claim. ...

"....

"Since the complainant was entitled to proceed under § 296, Title 51, supra, and his rights thereunder were not barred by [the short statute of limitations], we hold that the trial court correctly decreed that complainant was entitled to redeem."

252 Ala. at 681-85, 42 So. 2d at 612-16 (emphasis added). Thus, as Singley confirms, an owner's or redeeming party's possession is required

38

for the exercise of the right of judicial redemption -- an issue of the merits of the owner or redeeming party's claim -- but that is a distinct inquiry from the possession inquiry for purposes of the application of the short statute of limitations. Indeed, the short statute of limitations existed before the creation of the right of judicial redemption, and, whether judicial redemption is at issue or not, the limitations period "applies to proceedings in equity as well as in ejectment cases; it applies to void tax sales as well as to valid sales; it applies when the land is purchased from the State as well as in instances where the purchase is made from the [county] tax collector." Singley, 252 Ala. at 681, 42 So. 2d at 612; see also, e.g., Lathem v. Lee, 249 Ala. 532, 536, 32 So. 2d 211, 215 (1947) (discussing the short statute of limitations in relation to an ejectment action following a tax sale; judicial redemption was not at issue).

Ross's argument reflects his confusion regarding the principles discussed in Sections I and II of this opinion. Regarding the former, before the entry of the December 2023 judgment, he made no failure-to-state-a-claim argument based on Deborah's failure to satisfy the requirements of § 40-10-83, though the Court of Civil Appeals appears to have concluded otherwise because it addressed that issue. To the extent

that Ross made such an argument, it was in his postjudgment motion, which is the first time he discussed the special writings in Austill. But his postjudgment motion was denied by operation of law, and a trial court is not required to consider an argument raised for the first time in a postjudgment motion. See Espinoza v. Rudolph, 46 So. 3d 403, 416 (Ala. 2010). And, when "[t]here is no indication that the trial court considered the merits of the legal argument raised for the first time in [the appellants'] postjudgment motion, … we will not presume that it did." Id. Thus, we cannot reverse the December 2023 judgment because Deborah's judicial-redemption action lacked merit; we may only consider whether she could proceed with her action in light of Ross's argument regarding the short statute of limitations.

Regarding Ross's argument based on the short statute of limitations, there are two pertinent issues: (1) when did the limitations period begin to run in relation to Deborah's action and (2) had the limitations period completely run so as to, in conjunction with Ross's possession, divest Deborah of any right of judicial redemption. Based on the precedents discussed in this Section II and on the first sentence of the short statute of limitations, the limitations period did not begin to

run for purposes of Deborah's action until May 2022 when Ross, who was already in possession of the property, was entitled to demand a tax deed. Deborah commenced her action in May 2023, well within the pertinent three-year limitations period. Thus, her action was timely, and the three-year limitations period had not completely run such that she had been divested of any right of judicial redemption.

Ross contends that that analysis is incorrect. According to him, the language of the 2009 amendment to the short statute of limitations requires the conclusion that he had extinguished any right of judicial redemption. But he is incorrect. The 2009 amendment added the following emphasized language to the short statute of limitations:

> "No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor. … <u>There shall be no time limit for recovery of real estate by an owner of land who has retained possession. If the owner of land seeking to redeem has retained possession, character of possession need not be actual and peaceful, but may be constructive and scrambling and, where there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession.</u>"

41

§ 40-10-82.[16]

The emphasized language is essentially verbatim from our precedents discussing an owner's possession as a requirement for judicial redemption under § 40-10-83,[17] which is not surprising because the

---

[16]Contrary to the rationale in Ross, two sentences referencing the import of an owner's "retained possession" for purposes of tolling the running of the limitations period and the conditions under which an owner with retained possession may have his or her "constructive possession" "cut off" by the tax-sale purchaser's adverse possession in no way state, or support an inference, that the legislature has provided that an owner who is not in possession may exercise the right of judicial redemption, especially considering that the legislature made no change to the three statutory conditions in § 40-10-83.

[17]In Stallworth v. First National Bank of Mobile, 432 So. 2d 1222 (Ala. 1983), we stated:

"In order for plaintiff to obtain relief under this redemption statute, there are certain primary requisites: first, possession of the land by the plaintiff within the meaning of the statute; .... The purpose of § 40-10-83 is to preserve the right of redemption without limit of time, if the owner of the land seeking to redeem has retained possession. ... The character of possession need not be actual and peaceable, but may be constructive and scrambling and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser. Hand v. Stanard, 392 So. 2d 1157 (Ala.1980)."

432 So. 2d at 1224. Stallworth derived most of its pertinent language from the discussion in Hand v. Stanard, 392 So. 2d 1157, 1160 (Ala. 1980), both of which relied on almost identical language from O'Connor

character of the tax-sale purchaser's possession is equally relevant to the issue of when he or she may be said to have ousted an owner from possession for merits purposes under § 40-10-83 and to determining when the limitations period begins to run against the owner. The 2009 amendment to the short statute of limitations has codified our precedents for purposes of the short statute of limitations. Specifically, the 2009 amendment has codified that the limitations period does not run against an owner who has "retained possession" and who, pursuant to § 40-10-83, may exercise the right of judicial redemption in an action (whether as plaintiff or defendant) because he has such possession.[18] Likewise, the

_____

v. Rabren, 373 So. 2d 302, 306 (Ala. 1979), with the latter two relying on Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 659, 15 So. 2d 411, 413 (1943). See also Rabren v. Osmon, 613 So. 2d 390, 391 (Ala. 1993) (stating similarly while also noting that the short statute of limitations "'begins to run when the [tax-sale] purchaser is entitled to demand a tax deed and is in adverse possession of the land.'" (citation omitted)).

[18]The limitations period would be running against the tax-sale purchaser, who has an ejectment action against the owner who has retained possession. See Johnson v. Stephens, 240 Ala. 419, 422, 199 So. 828, 829 (1941) ("If [the owner] remained in possession for three years after 'the date when the purchaser became entitled to demand a deed' on account of his tax sale purchase, and if he during that time claimed the land exclusively and adversely to the rights of such purchaser, [§] 3107, [Ala.] Code [1923 (the short statute of limitations)], would protect him against the rights of the tax sale purchaser. Sherrill v. Sandlin, 232 Ala. 389, 168 So. 426 [(1936)]."); Id. (The short statute of limitations "operates

43

2009 amendment provides that, in order to commence the running of the limitations period against an owner, the tax-sale purchaser must establish his or her actual possession of the property -- the owner must have neither actual, constructive, nor scrambling possession -- and, in the case of land as to which "there is no real occupancy," the tax-sale purchaser may deprive the owner of constructive possession only through "adverse possession ... for three years after the [tax-sale] purchaser is entitled to possession." In other words, as to such vacant land, the tax-sale purchaser could never establish possession as against an owner with constructive possession earlier than the point at which the tax-sale purchaser is entitled to a tax deed (three years after the issuance of the certificate of purchase, see § 40-10-29 and § 40-10-74).

This Court has stated that the 2009 amendment to the short statute of limitations addressed when the limitations period begins to run in the

---

against one out of possession during the three years. And such possession for three years after the date named serves to cut off the rights of those not in possession insofar as the title is concerned."). For that and other reasons noted above, Ross is simply wrong in concluding that the short statute of limitations, which again predates judicial redemption and applies to various types of actions, would have no field of operation if an owner was required to be in possession of the property in order to exercise the right of judicial redemption.

described instances. See <u>Morrison</u>, 393 So. 3d at 458. And Ross's argument that that amendment supports his claim that he had divested Deborah of any right of judicial redemption by "adverse possession" is misplaced. The language of the 2009 amendment to the short statute of limitations is not pertinent to this case: Deborah had not retained possession of the property, by her own admission, and the property at issue was not land as to which "there is no real occupancy." Further, Ross was not in adverse possession of the property; he alleged that he was in possession of the property based on his rights under what he claimed was a valid tax sale that entitled him to a tax deed. Only the first sentence of the short statute of limitations is pertinent in this case, which is of no help to Ross.

Based on the foregoing, the Court of Civil Appeals' rationale in <u>Ross</u> is in error. Nevertheless, the December 2023 judgment is due to be affirmed.

AFFIRMED.

Stewart, C.J., and Shaw, Wise, Sellers, McCool, and Parker, JJ., concur.

Cook, J., concurs specially, with opinion.

45

Bryan, J., concurs in the result.

COOK, Justice (concurring specially).

I concur. As the main opinion explains in detail, judicial redemption is an area of the law that has developed in a piecemeal fashion over the last 100 years. Putting together the relevant precedent, the applicable common-law principles, and the pertinent statutes is not an easy task.

I therefore write specially to provide practitioners with a simplified roadmap for how to approach these types of cases. In particular, I seek to provide a series of basic "rules of thumb" that can help practitioners more easily identify what the outcome should be in most judicial-redemption cases.

Relevant Legal Background

I. Tax Sales -- A General Overview

Under Alabama law, a parcel of property may be sold at a public tax sale following the owner's failure to pay ad valorem taxes assessed against that property. See § 40-10-1 et seq., Ala. Code 1975. After the tax sale, the owner may "redeem" the property at issue within a specified period by paying the amount of taxes owed along with some additional amounts. See Gary E. Sullivan, Alabama Tax Certificate Investors Beware: Negotiating Through the Labyrinth of, and Important

Limitations to Recovering Money in, the Redemption Process, 73 Ala. Law. 416, 418 (2012).  However, disputes may also arise during this time, such as (1) disputes over the amount owed for redemption or (2) disputes over the validity of the tax sale and eventual tax deed.

Following a public tax sale, a tax-sale purchaser receives a certificate of purchase and is immediately entitled to possession of the property.  But this does not mean that the tax-sale purchaser immediately takes possession of the property at issue.  Instead, the tax-sale purchaser will likely need to do something else in order to gain possession, including perhaps seeking the assistance of the courts.

In my mind, any one of the following could occur that might effect a tax-sale purchaser's ability to do so: (1) the tax-sale purchaser could commence an ejectment action to seek possession, (2) the owner of the land could commence an action disputing the rights of the tax-sale purchaser (for instance, arguing that the tax sale was not done properly) and the tax-sale purchaser might counterclaim for ejectment, (3) the owner might leave the property at issue voluntarily, (4) the tax-sale purchaser might take no action and the owner might stay in possession, (5) nobody may have actual possession of the property, or (6) the property

might be undeveloped land such that possession is difficult to determine.

As one commentator has observed: "Given the judicial hesitance toward governmental property divestitures, the Alabama legislature has … codified statutory procedures for the redemption of land sold for collection of ad valorem taxes." Sullivan at 418 (citing §§ 40-10-120 through -143, Ala. Code 1975). The statutorily prescribed forms of redemption are statutory redemption and judicial redemption, and, as explained in more detail below, the procedures for each "vary, depending on the avenue of redemption pursued by the owner." Id.

## II. Statutory Redemption -- Owner Must Pursue This Method Within Three Years of the Tax Sale

During the initial three-year period after the property at issue is sold at a tax sale, the owner has the right to redeem that property through a process called statutory redemption. This is the most common method of redemption used by property owners in Alabama.

Professor Gary Sullivan has previously explained this process as follows:

"Statutory redemption procedure is dependent upon the identity of the purchaser at a tax sale. A party seeking to redeem the property sold to the state must make an application to the probate judge in the county where the land is located using a form provided by the land commissioner. In

addition to the application, the party must include a deposit equal to the amount of the tax sale price, subsequent tax assessments, interest, costs, and fees. If the land is also located within a municipality, the party must also deposit the amount of unpaid municipal taxes and the value of the taxes that were not assessed due to the state's ownership interest in the land. Unlike the procedure for lands purchased by parties other than the state, the land may be redeemed at any time before the title passes out of state ownership.

"Redemption of land purchased by a party other than the state is governed by a time limitation. Land may be redeemed three years from the date of the tax sale. Like the process of redeeming land purchased by the state, the redemptioner must deposit a sum equal to the amount paid by the purchaser at the tax sale, plus any taxes subsequently paid, interest, costs and fees accrued. Mortgagees, however, are treated as a special class. In an effort to protect nonresident mortgagees, the Alabama Code provides that mortgagees are entitled to redeem within one year of written notice of the tax sale. As Alabama Mineral Land Co. v. McFry[, 236 Ala. 632, 636, 184 So. 192, 194 (1938),] states, '[n]o time is specified for the giving of such notice. Clearly it can be given immediately after the tax sale, in which event the one-year provision would run concurrently with the [three]-year limit.' Therefore, in the event that the three-year time limitation has elapsed and no notice has been given, the mortgagee is still entitled to redeem."

Sullivan at 418 (footnotes omitted).

Notably, statutory redemption is a more mechanical process, involving the deposit of certain statutorily determined amounts with the probate court. See generally § 40-10-122, Ala. Code 1975 (explaining the "[m]anner of redemption when land sold to party other than state"). The

owner need not <u>still be in possession</u> of the property in order to pursue this method of redemption.

### III. Judicial Redemption -- Owner Must Retain Possession of Property to Pursue This Method

Three years after the tax sale takes place, the owner's right to pursue statutory redemption comes to an end. At that point in time, the tax-sale purchaser may demand the tax deed to the property at issue.

This does not mean, however, that the owner has no other method available to him or her for redeeming the property. If the owner has <u>possession</u> of the property, he or she may exercise the right of judicial redemption in order to redeem the property.

Judicial redemption is not a mere continuation of statutory redemption. As the main opinion explains, judicial redemption initially developed as a defensive right that may be exercised in conjunction with another action, such as a quiet-title action by the owner or an ejectment action by the tax-sale purchaser. It comes with limitations and requirements.

If, and only if, the owner has <u>possession</u> of the property, may he or she use the process of judicial redemption to redeem the property. I view this possession requirement as the primary point of the main opinion.

The judicial-redemption process "'involves the filing of an original civil action against a tax-sale purchaser (or the filing of a counterclaim in an ejectment action brought by that purchaser) and the payment of specified sums into the court in which that action or counterclaim is pending.'" F Fam. S., LLC v. Property Owners Ass'n of Ono Island, Inc., 403 So. 3d 812, 824 (Ala. 2024) (quoting First Props., L.L.C. v. Bennett, 959 So. 2d 653, 655 (Ala. Civ. App. 2006)). "Provided that the requirements have been met, the court can then determine the amount necessary to redeem the property." Sullivan at 419 (citing Moorer v. Chastang, 247 Ala. 676, 679-80, 26 So. 2d 75, 78 (1946)).

The judicial-redemption process is governed by §§ 40-10-82 and 40-10-83, Ala. Code 1975. First, § 40-10-83 states, in relevant part:

"In any … action, when the action is against the person for whom the taxes were assessed or the owner of the land at the time of the sale for taxes delinquent before January 1, 2020, his or her heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain (i) the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with eight percent per annum thereon, subject to the limitations set forth in Section 40-10-122(a)[, Ala. Code 1975]; (ii) with respect to property located within an urban renewal or urban redevelopment project area designated pursuant to Chapters 2 or 3 of Title 24, [Ala. Code 1975,] all insurance premiums paid or owed by the purchaser for casualty loss coverage on insurable structures and the

52

value of all permanent improvements made by the purchaser determined in accordance with Section 40-10-122, together with eight percent per annum thereon; (iii) with respect to any property which contains a residential structure at the time of the sale regardless of its location, all insurance premiums paid or owed by the purchaser for casualty loss coverage on the residential structure and the value of all preservation improvements made by the purchaser determined in accordance with Section 40-10-122, together with eight percent per annum thereon, subject to the limitations set forth in Section 40-10-122(a); and (iv) a reasonable attorney's fee for the plaintiff's attorney for bringing the action. The court shall also determine the right, if any, of the defendant to recover any excess pursuant to Section 40-10-28[, Ala. Code 1975,] and shall apply a credit and direct the payment of the same as set forth in subsection (b) of Section 40-10-78[, Ala. Code 1975]. Upon such determination the court shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."

Section § 40-10-82 states:

"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of 19 years or insane, he or she, his or her heirs, or legal representatives shall be allowed one year after such disability is removed to bring an action for the recovery thereof; but this section shall not apply to any action brought by the state, to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold prior to such sale,

or to cases in which the real estate sold was not, at the time of the assessment or of the sale, subject to taxation. There shall be no time limit for recovery of real estate by an owner of land who has retained possession. If the owner of land seeking to redeem has retained possession, character of possession need not be actual and peaceful, but may be constructive and scrambling and, where there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession."

As explained thoroughly in the main opinion, this appeal concerns the procedures and deadlines for judicial redemption outlined above.

### Basic "Rules of Thumb" in Judicial-Redemption Cases

With the above legal principles in mind, I will now provide some basic "rules of thumb" that will hopefully assist practitioners in this area of the law. Although these "rules of thumb" are intended to provide some clarity, I caution that even the following set of rules may be subject to exceptions that are not discussed below. Therefore, these basic "rules of thumb" should be read as explaining what the outcome should be in most judicial-redemption cases rather than what the outcome will be in every case. I also do not seek to provide the legal justification for each rule and, instead, defer to the extensive discussion in the main opinion for such legal justifications.

1. <u>The tax-sale purchaser is entitled to possession of the property immediately upon receipt of the tax certificate and does not need to wait for the tax deed.</u>

As noted above, the tax-sale purchaser can make a demand for possession of the property immediately upon receipt of the tax certificate. He or she can also commence an ejectment action if possession is not surrendered by the owner within six months after demanding possession of the property. <u>See</u> § 40-10-74, Ala. Code 1975 ("Any purchaser of lands at a tax sale other than the state or anyone claiming under him shall be entitled to possession of said lands immediately upon receipt of certificate of sale from the tax collector; and, if possession is not surrendered within six months after demand therefor is made by said purchaser or his assignee, the said purchaser or his assignee may maintain an action in ejectment or a statutory real action in the nature of ejectment, or other proper remedy for the recovery of the possession of the lands purchased at such sales and shall be entitled to hold the possession thereof on recovery, subject, however, to all rights of redemption provided for in this title.").

2. <u>If the tax-sale purchaser does not take possession -- or otherwise demand possession in court -- within three years of being entitled to a tax deed, the tax-sale purchaser may be barred from recovering the property from the owner based on the application of the short</u>

55

statute of limitations.

Section 40-10-82 states that "[n]o action for the recovery of real estate sold for the payment of taxes shall lie <u>unless the same is brought within three years from the date when the purchaser became entitled to deemed a deed</u> therefor." (Emphasis added.) As noted earlier, a tax-sale purchaser receives a certificate of purchase following the public tax sale and is immediately entitled to possession of the property. Three years after the tax-sale purchaser receives a certificate of purchase, if no issues arise as to possession or the validity of the tax sale, the tax-sale purchaser is then entitled to receive a tax deed to the property.

If the tax-sale purchaser does not take possession or demand possession in court within three years after being entitled to demand the tax deed -- that is, <u>six years after the tax-sale purchaser purchased the property at the tax sale</u> -- he or she may be barred from recovering the property from the owner based on the application of the short statute of limitations. Notably, it does not matter if the tax-sale purchaser actually receives the tax deed. It is the <u>entitlement</u> to the tax deed that sets this deadline for the limitations period to begin running against an action by the tax-sale purchaser when the owner is in possession of the property.

3.  <u>If the owner of the property retains possession of the property sold at a tax sale, the owner may judicially redeem the property. Possession can be actual, constructive, or scrambling.</u>

As explained above, judicial redemption is intended to be used by owners who have retained possession of property following a tax sale. However, as a practical matter, there is often a presumption that the owner retains possession. Section 40-10-82 provides that such possession "need not be actual and peaceful, but may be <u>constructive and scrambling</u>." (Emphasis added.)[19]

---

[19]As explained in the main opinion,

> "'"<u>Constructive possession</u> … is that possession which the law annexes to the legal title or ownership of property, when there is a right to the immediate actual possession of such property, but no actual possession."   [28 Am. & Eng. Ency. Law (2d ed.)] 239.' <u>Southern Ry. Co. [v. Hall]</u>, 145 Ala. [224,] 226, 41 So. [135,] 136 [(1906)]. '"When one has a legal estate in fee in land, he has the constructive possession, unless there is an actual possession in some one else."' <u>Southern Ry. Co.</u>, 145 Ala. at 227, 41 So. at 136 (quoting 28 Am. & Eng. Ency. Law (2d ed.) 239); see also <u>Hinds v. Slack</u>, 293 Ala. 25, 28, 299 So. 2d 717, 719 (1974).  Constructive possession 'is particularly apt in cases involving wild, unimproved land.  "When the land has never been occupied in a true sense, the possession is constructive and follows the title, since no one is in the actual possession." <u>Tensaw Land & Timber Co. v. Rivers</u>, 244 Ala. 657, 15 So. 2d 411 [(1943)].' <u>State ex rel. Gallion v. Graham</u>, 273 Ala. 634, 637-38, 143 So. 2d 810, 812-13 (1962).

4. <u>If the property is undeveloped, possession is presumed to remain with the owner unless there has been three years of adverse possession after the tax-sale purchaser is entitled to demand a tax deed.</u>

If the property is undeveloped or wild, the owner is deemed to be in possession unless the tax-sale purchaser has actual, adverse possession of the property for three years. <u>See</u> § 40-10-82 ("[W]here there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession."). Of course, if there has been an ejectment, a voluntary abandonment of the property, or express waiver of possession, the result might (or might not) vary.

5. <u>There is no time limit for an owner who retains possession of the property sold at a tax sale to assert his or her right of judicial redemption.</u>

For an owner who retains possession of the property sold at a tax

---

"<u>Scrambling possession</u> exists when '[b]oth parties are claiming actual possession or are "scrambling" for it.' <u>Hinds</u>, 293 Ala. at 29, 299 So. 2d at 720; see also <u>Southern Ry. Co.</u>, 145 Ala. at 226, 41 So. at 136; <u>Hinds</u>, 293 Ala. at 29, 299 So. 2d at 720 ('[A] "disputed, hostile or scrambling" possession, which will not support a bill to quiet title,' exists where '[b]oth parties are claiming actual possession or are "scrambling" for it.')."

____ So. 3d at ____ n.7 (emphasis added).

sale, § 40-10-82 expressly states that "[t]here shall be no time limit for recovery of real estate by an owner of land who has retained possession."

6. <u>An ejectment action can end an owner's right to judicially redeem property sold at a tax sale.</u>

If a tax-sale purchaser brings an ejectment action against an owner who retains possession of property sold at a tax sale, the owner can assert his or her right of judicial redemption because he or she is still in possession.  However, it would seem to me that the owner <u>must</u> assert that right at that point or he or she will lose that right because (among several reasons) he or she will no longer be in possession after an ejectment action has concluded. A claim for judicial redemption might also be a compulsory counterclaim in such an ejectment case.

7. <u>If an owner abandons the property sold at a tax sale, he or she almost certainly loses the right to judicially redeem that property.</u>

If the owner leaves the property (that is, intentionally and knowingly abandons possession), he or she cannot regain possession via wrongful means in order to exercise his or her right of judicial redemption. <u>See, e.g.</u>, <u>O'Connor v. Rabren</u>, 373 So. 2d 302, 306 (Ala. 1979) ("[T]he original owner may not assert the right to redeem under § 40-10-83 by wrongful reentry to regain possession. <u>Bobo v. Edwards Realty Co.</u>,

59

250 Ala. 344, 34 So. 2d 165 (1947).").[20]

8.  <u>An owner of property sold at a tax sale can still object to the validity of the tax deed.</u>

Even if the owner has lost his or her right to judicially redeem property sold at a tax sale because, for instance, he or she no longer has possession of the property, he or she still has the right to contest the validity of the tax deed. However, as noted above, this right would be subject to the six-year deadline in § 40-10-82, which states that "[n]o action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to deemed a deed therefor," which is three years after the tax sale.

<u>Applying These "Rules of Thumb" to The Present Case</u>

Turning to the case now before us, I note that the undisputed facts are as follows. Here, Deborah is in the role of owner while Ross is in the role of the tax-sale purchaser. Ross immediately took actual possession

---

[20]The main opinion contains some language indicating the possibility of a lawful regaining of possession by the owner. I agree that this is theoretically possible, but, as a practical matter, I have difficulty envisioning many circumstances that might lead to a lawful regaining of possession after a knowing abandonment.

of the property after the tax sale.

Deborah thereafter sought to redeem the property, but, because she failed to take the required steps to recover the property by statutory redemption before the end of the statutory-redemption period, she commenced this action to recover the property by judicial redemption.

Ross and Deborah each filed cross-motions for a summary judgment. In his motion, Ross argued that Deborah's action was barred by the short statute of limitations, § 40-10-82, because, he asserted, "the right of redemption was cut off by adverse possession of the tax purchaser for three years after [he] was entitled to possession." In her motion, Deborah argued that, "[w]hile [Ross] did adversely possess the property, the three-year period for [j]udicial [r]edemption did not begin until [he] was also entitled to demand a tax deed on May 23, 2022. Ala. Code § 40-10-82." The trial court denied Ross's motion and granted Deborah's motion.

On appeal, Ross argued to the Court of Civil Appeals -- and now argues to our Court -- that his possession of the property for more than three years extinguished Deborah's right to judicially redeem the property. In particular, he claimed that his "exclusive continuous adverse

possession of the property" as his residence, and his payment of ad valorem taxes after the tax sale, constituted adverse possession such that Deborah's right to judicially redeem was somehow extinguished.

Ross is mistaken. As the main opinion explains, the "adverse possession" language in § 40-10-82 applies to undeveloped land "where there is no real occupancy of land."[21] See § 40-10-82 (providing that "where there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession"). This is not the case here.

This leaves Ross with a statute-of-limitations argument under the first sentence of § 40-10-82, which, as explained above, provides that "[n]o action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor ...." Under this provision, Deborah's judicial-redemption claim is timely because she commenced the underlying action one year after Ross was

---

[21]As noted in the main opinion, the "adverse possession" language was added in the last sentence of § 40-10-82 as part of the 2009 amendment of that statute.

entitled to demand a tax deed, which is clearly within the three-year window provided in that statute.

But, what about the rule that the owner must have possession to claim judicial redemption? As the main opinion observes, Ross did <u>not</u> argue -- at least not until his postjudgment motion -- that Deborah had no right to judicially redeem the property because she did not have possession of the property that that time. <u>See</u> ____ So. 3d at ___ n.1 ("A trial court is not required to consider an argument raised for the first time in a postjudgment motion. See <u>Espinoza v. Rudolph</u>, 46 So. 3d 403, 416 (Ala. 2010)."). Likewise, Ross's petition for a writ of certiorari does not raise this issue but, instead, frames the issue as a statute-of-limitations issue.[22] It is for all of these reasons that I concur with the

---

[22]Specifically, in his petition for a writ of certiorari, Ross alleges:

"The grounds for this petition is Rule 39 paragraph (a)(1)(C) 'From decisions where a material question requiring decision is one of first impression for the Supreme Court of Alabama;' <u>The material question is the tolling of the three year statute of limitation</u> for judicial redemption by owners of real property sold at tax sale, pursuant to Ala. Code § 40-10-82 as effectively amended on September 1, 2009 by Act 2009-508, p. 937 § 1.n. Ross contends that <u>amended limitation begins to run</u> when the purchaser takes adverse possession of the property after receiving the Certificate of Purchase five days after the sale, pursuant to Ala. Code § 40-10-74, even

main opinion's resolution of this case.

## Conclusion

Alabama's judicial-redemption process reflects a careful balance between protecting property rights and preserving the finality of foreclosure and tax-sale proceedings. While the framework provides owners with an avenue to reclaim property, the process is often complicated by strict procedural requirements, evolving caselaw, and competing equitable interests. Questions involving possession and redemption deadlines frequently create significant legal and practical challenges for litigants and courts alike. As a result, practitioners navigating judicial redemption under Alabama law must approach the process with a thorough understanding of both the statutory scheme and the judicial interpretations that continue to shape its application. By providing the above basic "rules of thumb," my hope is that I have provided the clarity that practitioners need to more effectively navigate this process.

---

though the purchaser cannot acquire title for another three years."

Petition at 2 (emphasis added).